Argued March 16, affirmed April 19, reconsideration denied May 26,
petition for review denied June 15, 1976

## BARNES, *Petitioner,*

*v.*

## FAIR DISMISSAL APPEALS BOARD et al,
*Respondents.*

(CA 5400)

548 P2d 988

*J. Robert Jordan,* Portland, argued the cause for

petitioner. On the brief were Michael R. Jordan and Jordan and Jordan, Portland.

*Paul M. Reeder,* Hillsboro, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

LEE, J.

**LEE, J.**

Petitioner appeals the order of respondent Fair Dismissal Appeals Board (Board) sustaining his termination of employment with respondent school district.

Petitioner is a "permanent teacher" as that phrase is used in ORS 342.815(5).[1]

The ground for petitioner's dismissal was "Insubordination." ORS 342.865(1).[2]

ORS 342.895(1) provides:

"Authority to dismiss a permanent teacher is vested in the district school board subject to the provisions of the fair dismissal procedures of ORS 342.200 and 342.805 to 342.955 and only after recommendation of the

---

[1] ORS 342.815(5) provides:

" 'Permanent teacher' means any teacher who has been regularly employed by a fair dismissal district for a period of not less than three successive years, whether or not the district was such a district during all of such period and who has been reelected by such district after the completion of such three-year period for the next succeeding school year."

[2] ORS 342.865(1) provides:

"No permanent teacher shall be dismissed except for:

"(a) Inefficiency;

"(b) Immorality;

"(c) *Insubordination* ;

"(d) Neglect of duty;

"(e) Physical or mental incapacity;

"(f) Conviction of a felony or of a crime involving moral turpitude;

"(g) Inadequate performance;

"(h) Failure to comply with such reasonable requirements as the board may prescribe to show normal improvement and evidence of professional training and growth;

"(i) Any cause which constitutes grounds for the revocation of such permanent teacher's teaching certificate; or

"(j) Reduction in permanent teacher staff resulting from the district's inability to levy a tax sufficient to provide funds to continue its educational program at its anticipated level or resulting from the district's elimination of classes due to decreased student enrollment or reduction of courses due to administrative decision. School districts shall make every effort to transfer teachers of courses scheduled for discontinuation to other positions for which they are qualified. Merit and seniority shall be considered in determination of a teacher for such transfer." (Emphasis supplied.)

[ 179 ]

dismissal is given to the district school board by the superintendent."

The superintendent of the respondent school district recommended that the petitioner be dismissed because he had "* * * been insubordinate by continually and repeatedly refusing to adhere to district policy and administrative directives in the use of physical discipline with students and in other actions in response to administrative procedure." The superintendent listed four incidents which formed the basis for his recommendation. Three of these incidents involved physical contact with students and one incident involved defiant conduct.

The school board approved the recommendation of the superintendent. The respondent Board upheld the termination of petitioner's employment by the respondent school district.

The Board is authorized to determine "* * * whether or not the facts relied on to support the recommendations of the district superintendent are true and substantiated and if true and substantiated, whether or not they are adequate to justify the statutory grounds cited as reasons for the dismissal. * * *" ORS 342.905(5).

The Board determined that "* * * the facts relied upon to support the recommendation of the district superintendent to dismiss the teacher, contained in the letter notice to the teacher dated June 2, 1975, are true and substantiated and justify the statutory ground of insubordination cited as the reason for dismissal."

Our scope of review is set forth in ORS 183.482(8).[3]

---

[3] ORS 183.482(8) provides:

"The court may affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"(a) The order to be unlawful in substance or procedure, but error in procedure shall not be cause for reversal or remand unless the court

The four incidents on which the superintendent based his recommendation are set forth in his letter of June 2, 1975 to petitioner.[4]

shall find that substantial rights of the petitioner were prejudiced thereby; or

"(b) The statute, rule or order to be unconstitutional; or

"(c) The rule which the order enforces or upon which the order is based or dependent, is invalid under the provisions of subsection (3) of ORS 183.400; or

"(d) The order is not supported by substantial evidence in the whole record."

[4]Letter dated June 2, 1975 from Superintendent to petitioner:
"* * * * *

"This is to notify you that I feel compelled to recommend to the School Board of Scappoose School District No. 1 J, Columbia County, Oregon, that you be dismissed as a teacher in the said district. I believe that such dismissal is justified by the statutory grounds as set forth in paragraph (c) of subsection (1), of ORS 342.865.

"My reason for so doing is that you have been insubordinate by continually and repeatedly refusing to adhere to district policy and administrative directives in the use of physical discipline with students and in other actions in response to administrative procedure.

"The incidents that have brought me to this conclusion are as follows:

"1. By your own admission, on or about April 19, 1971, you became irritated with a student by the name of Tal Sparkman. Quoting from your report we find the following, 'I slammed his head against the wall and shoved him down in to the chair. I put my right hand around his throat and squeezed — all the while I was doing this I was explaining to him that he has to obey teachers or he must suffer the consequences.'

"As a result of this you were warned by Mr. R. W. Morgan, Principal of the High School, that you were not in the future to touch students physically, but to allow disciplinary procedures to follow their normal channel.

"2. In spite of this warning, on or about April 5, 1974, you assaulted a student by the name of Jack McGinnis and while there is a conflict in the evidence as to exactly what happened, by your own admission you grabbed this lad, shoved him against the wall, attempted to hold him there and when the student attempted to get away he fell to the ground, you then held him briefly on the ground.

"You were again warned about such physical attacks on students and your comment was that 'I would do it again'.

"3. Subsequent to this and on May 22, 1975, you assaulted another student by the name of Dan DuHaime by picking him up from a chair by the back of the neck with one hand with the other

The published school district policy on physical discipline was "* * * limited to the use of a paddle. * * *"[5]

■ We find that there was "substantial evidence in the whole record" to support the Board's order.

hand over his mouth, and when you were again advised that such physical discipline could not be tolerated, your reply was as follows, 'As I told you before, you can put "I have to stop breathing" in my file but when it comes to it I'll do what I think is best. What is physical discipline? I have never hit a student, I will pick one up and shake him.'

"You are well aware of the physical discipline policy of this District, being numbered 5210.31 in the policy book and student handbook, that defines the type of discipline that may be used but you have chosen to continually and repeatedly disregard the same.

"Another incident of insubordination that occurred and which is a further indication of your attitude toward administrative policies and procedures, is as follows.

"On or about August 28, 1974, while attending the first day of in-service as a teacher in Scappoose School District No. 1 J, Columbia County, Oregon, you were asked to sign a roster of the record of your attendance, when you were advised it was necessary that you do so, you did sign it by scrawling your name completely across the paper and making the remark, 'Give me that thing and I will sign for that son-of-a-bitch'.

"In conclusion, as before stated, I have come to the position where I feel that in the interests of students; for the good of the District; and to protect the District from future possible litigation because of assaults you are making on the students, and in the absence of any demonstrated effort to adhere to the procedures as outlined in district policy, that your dismissal must be recommended to the School Board.

"Therefore, please consider this letter as official notice of such intent to recommend your dismissal in accordance with the provisions of subsection (2) of ORS 342.895.

"Enclosed is a copy of ORS 342.200 and ORS 342.805 to 342.955 as required by law.

"* * * * *."

[5]
"* * * * *

"PHYSICAL DISCIPLINE:

"Rationale:

"Discipline as administered in the Scappoose Schools is designed to enable students to develop the self-discipline and responsibility necessary to function successfully in the educational and social environment. The major objectives of discipline in schools are to teach the following fundamental concepts for living in society:

(1) respect for the rights, dignity, and safety of all individuals

■ We cannot accept petitioner's assertion that the Board erred in considering the incidents of April 19, 1971 and April 5, 1974 because the school district had renewed the petitioner's contract following these incidents.

■ Finally, we find no ambiguities in the district's policies concerning physical discipline that would support petitioner's claim that there was a denial of due process of law.

Affirmed.

---

(2) respect and understanding of laws, rules, and regulations; and

(3) respect for public and private property. Teachers, counselors and administrators will work with students and parents in meeting the above objectives.

"Regulations:

"Physical discipline is defined as spanking and is *limited to the use of a paddle.* Physical discipline may be administered when less severe control measures have not appeared effective and after the nature of the offense has been explained to the student.

"Within the above limitations, principals, vice-principals, or teachers may administer physical discipline under the following limitations:

"a. The physical discipline must be reasonable to the circumstances of each case.

"b. The physical discipline shall be witnessed by an adult, but free from the presence of other pupils.

"c. Physical discipline shall be administered within the bounds of moderation and prudence and suited to the gravity of the offense; administered with consideration of the physical condition and size of the student and administered upon the posterior through the pupils mode of dress.

"d. After physical discipline has been administered, a report, signed by the person administering the punishment, must be placed on file.

"A teacher or administrator is authorized to employ physical restraint when, in his judgement, the physical restraint is necessary to prevent a student from inflicting harm upon others or to himself. Physical restraint shall not be considered a form of physical discipline.

"* * * * *." (Emphasis supplied.)