Argued July 22, affirmed August 29, 1977

## NORTH CLACKAMAS SCHOOL DISTRICT NO. 12, CLACKAMAS COUNTY, OREGON, *Petitioner,*
### *v.*
## FAIR DISMISSAL APPEALS BOARD et al, *Respondent.*
### (CA 7922)
567 P2d 1091

William D. McDonald, Milwaukie, argued the cause and filed the brief for petitioner.

Robert D. Durham, Eugene, argued the cause and filed the brief for respondent John P. Smith.

No appearance for respondent The Fair Dismissal Appeals Board.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

PER CURIAM.

## PER CURIAM.

Petitioner asserts on appeal that the final order of the Fair Dismissal Appeals Board is internally inconsistent and not supported by substantial evidence. We disagree.

Petitioner also objects to the admission of certain evidence on the ground that it is irrelevant. We find that the evidence may be relevant and in any event its admission was not prejudicial.

Affirmed.

**THORNTON, J.,** specially concurring.

In my view the Fair Dismissal Appeals Board's order overturning the dismissal is internally inconsistent to some degree. However, I would affirm on the ground that the Board found that the school district failed to establish that the teacher was guilty of insubordination by wilfully and intentionally violating school district policy against the physical punishment of pupils, and there is substantial evidence, viz., the teacher's own testimony, which if believed would support this finding. This is essentially what the Board's order boils down to.

The operative facts were that teacher John Smith was dismissed by the school district for insubordination in that he allegedly disobeyed standing policy governing physical punishment of pupils. A total of six separate incidents was set forth in the letter of dismissal from the superintendent.

The Board found, *inter alia,* that the incidents involving the striking of students Brown and Lock in 1972

"* * * do not appear to have been serious violations of the school district's disciplinary policies. * * *"

In its ultimate findings of fact the Board stated:

"John Smith may have violated school district policy with respect to student discipline in principle, with

[ 857 ]

respect to the incidents charged in 1972. These incidents justified the warning given to the teacher on October 31, 1972."

However, in its conclusions of law the Board stated:

"The facts relied upon to support the recommendation of the district superintendent [for dismissal] are not true and substantiated and do not justify the statutory grounds cited for the dismissal. * * *"

I have difficulty in harmonizing these findings and conclusions. It seems to me that if the Board found, as quoted above, that the teacher struck students Brown and Lock, as charged, it could not subsequently conclude as a matter of law that "[t]he facts relied upon to support the recommendation of the district superintendent are not true and substantiated," and setting aside the school district's action on this ground. To me the above order suffers from the same infirmity as the orders issued by the Public Employe Relations Board in *Phillips v. State Bd. of Higher Ed.*, 7 Or App 588, 490 P2d 1005 (1971), Sup Ct *review denied* (1972), and *Thompson v. Secretary of State,* 19 Or App 74, 526 P2d 621, Sup Ct *review denied* (1974). This court reversed and remanded in both of the above cases.

As to the merits, briefly stated my reasoning in affirming is as follows:

The term "insubordination" is not defined in the Fair Dismissal Law or elsewhere in our statutes, so far as I can find. In *Barnes v. Fair Dismissal Appeals Bd.,* 25 Or App 177, 548 P2d 988, Sup Ct *review denied* (1976), although we were not called upon to define the term, we affirmed the order of the Board which in turn had upheld a charge by a school district that the teacher had " 'been insubordinate by continually and repeatedly refusing to adhere to district policy and administrative directives in the use of physical discipline with students * * *.' "

In other jurisdictions "insubordination" has been defined as including the wilful refusal of a teacher to obey the rules and regulations of his or her employing

board of education. *State Tenure Com'n v. Madison County Board of Ed.,* 282 Ala 658, 213 So2d 823 (1968). It has also been held to imply a general course of defiant, mutinous, disrespectful or contumacious conduct as distinguished from disobedience, which connotes a specific violation of an order or prohibition. *Coomes v. State Personnel Board,* 215 Cal App2d 770, 30 Cal Rptr 639 (1963).

As I see it, "insubordination" as used in ORS 342.865(1)(c) means an intentional and wilful refusal to obey, or disobedience of, an order or directive which a school board is authorized to give and entitled to have obeyed.

On this record, the two 1972 incidents, for which he was warned and which were the only ones proved according to the Board, standing alone, would not be sufficient to establish insubordination.