Argued September 23; affirmed October 11, 1937

# MOULTON *v.* LOGAN ET AL.

(72 P. (2d) 64)

*T. Walter Gillard*, of Portland (Wm. P. Lord, of Portland, on the brief), for appellant.

*Frank S. Grant*, City Attorney, and *John Seabrook*, Deputy City Attorney, both of Portland, for respondents.

LUSK, J. This is a suit in equity. A demurrer to the complaint was sustained and plaintiff having refused to plead further a decree of dismissal was entered from which he has appealed.

The only question is whether the complaint states facts sufficient to constitute a cause of suit.

The complaint alleges substantially the following facts: The plaintiff, a member of the police bureau of the city of Portland, and performing the duties of a policeman, was charged by the defendant Harry M. Niles, chief of police, with conduct unbecoming an officer. It is not distinctly alleged what were the acts constituting the wrongdoing, but it is fairly inferable

that he was charged with complicity along with another officer and some youths in stealing cigarettes and other merchandise from a drugstore during the early hours of the morning of March 1, 1935. The complaint alleges, in effect, that he knew nothing about the stealing. A hearing on such charges was had before the discipline board of the police department which recommended that the plaintiff be discharged as a police officer; the chief of police ordered the plaintiff's discharge and the order was approved by Joseph K. Carson, Jr., mayor of the city. Thereafter plaintiff appealed to the civil service board alleging in his notice of appeal that his dismissal was not ordered in good faith nor for the purpose of improving the public service, but was based upon charges of wrongful conduct which the officer preferring the charges and the defendants Niles and Carson knew to be false. A hearing was had before the civil service board at which no testimony was adduced tending to support the charges of misconduct. The board entered an order in which it found that plaintiff was neglectful in his duty and affirmed the order of discharge, "upon the ground that appellant has failed to sustain the burden of proof that the discharge was for religious or political reasons or was not made in good faith for the good of the service".

It is alleged that the testimony taken at the hearings was not reduced to writing nor was any record kept thereof; that the proceedings do not show on their face the true state of facts causing plaintiff's dismissal and therefore the remedy of review by certiorari is inadequate; that the actions of the defendants were arbitrary and capricious in that the specific charge against plaintiff was conduct unbecoming an officer and no testimony sustaining such charge was adduced at said

hearing; and in effect that no evidence was adduced at either of the hearings which would sustain a finding of neglect of duty.

The prayer is for a decree setting aside the order of discharge and the order of the civil service board, or in the alternative requiring the defendant to show cause why that should not be done; that the court take the testimony of witnesses in order to ascertain whether the orders and discharges were not arbitrary and made in bad faith and that the plaintiff be reinstated in his position as a member of the police board.

■ In our opinion, the circuit court was right in sustaining the demurrer to the complaint and dismissing the suit. The case is governed by the decision of this court in *Lechleidner v. Carson*, 156 Or. 636 (68 P. (2d) 482). It was there held in an opinion by Mr. Justice RAND that the power exercised by the discipline committee of the police bureau and the civil service board in removing officers is quasi-judicial and not administrative; that when the power has been exercised in conformity with the rights of parties and the procedure prescribed by the charter, and notice and an opportunity to be heard and to make a defense have been given, the tribunal or board has jurisdiction both of the person charged and of the subject matter, and their determination is not subject to review by the courts. In such case the conclusion to be drawn from the evidence before them is a matter committed by law to their judgment and not to that of the court.

The applicable provisions of the charter are set forth in the Lechleidner case and need not here be repeated.

■ The plaintiff makes no contention in his complaint that these provisions were not observed or that he did not have notice of the charges and a hearing. The

complaint does not contain allegations which we have interpreted to mean that no evidence was introduced in support of the charges at the hearing before the discipline committee, but the plaintiff took his case before the civil service board where, under § 108 of the charter of the city of Portland, the burden of proof was on him to establish that his removal was for political or religious reasons or was not in good faith for the purpose of improving the public service. He does not even claim to have sustained that burden, but contents himself with a statement in his complaint that:

"* * * at said hearing no evidence was adduced upon which an inference could be based that plaintiff was guilty of conduct unbecoming an officer; that no testimony was adduced showing or tending to show that plaintiff knew that said youths took certain articles of personal property hereinbefore mentioned from the aforesaid pharmacy, nor was there any testimony adduced before said Board showing or tending to show that plaintiff knew or could have known the aforementioned Campau placed said articles of personal property in the aforementioned automobile; * * *"

The plaintiff has not alleged that he proved anything at the hearing before the civil service board and manifestly, under those circumstances, the board was authorized by the charter provision to make the finding: "That appellant has failed to sustain the burden of proof that the discharge was for religious or political reasons or was not made in good faith, for the good of the service * * *."

■ Having sought relief from the civil service board and by his tacit admission failed to produce the necessary proof, the plaintiff now asks the court to try questions of fact, the determination of which has been committed to inferior tribunals specially constituted

by law to discharge that duty. He would have the court take testimony for the purpose of ascertaining whether or not his discharge was arbitrary and not made in good faith when that is the very question which was presented by his appeal to the civil service board and by it determined against him. The board in so deciding acted within its jurisdiction and its conclusion is not subject to judicial review.

We are further of the opinion that the demurrer was properly sustained for the reason that an officer who has been wrongfully removed has an adequate remedy for reinstatement by mandamus and equity therefore is without jurisdiction of such a controversy: 2 McQuillin Municipal Corporations, § 596, p. 384; *In re Sawyer*, 124 U. S. 200 (8 S. Ct. 482, 31 L. Ed. 402) ; *Miles v. Logan*, (Tex. Civ. App.) 265 S. W. 421; *Flemming v. Stahl*, 83 Fed. 940; *Sharpe v. Los Angeles*, 136 Cal. App. 732 (29 P. (2d) 797) ; *Morgan v. Nunn*, 84 Fed. 551; 14 R. C. L. 374, § 76; 46 C. J. 1007, § 215.

There are possibly exceptional cases, as observed by Circuit Judge (afterwards supreme court justice) Lurton in *Morgan v. Nunn*, supra, where one, having a vested right to an office and who is in actual possession, is about to be dispossessed by force and unlawfully, where equity may, without trying the title to the office, restrain such unlawful interference by a claimant to the office, and compel the latter to resort to legal remedies and establish in a court of law his title. Obviously this is not that kind of a case.

The decree appealed from is affirmed with costs.

BEAN, C. J., and RAND and BAILEY, JJ., concur.