Argued September 21, affirmed November 26, 1971, petition for rehearing denied January 12, petition for review denied March 31, 1972

## PHILLIPS, *Appellant, v.* STATE BOARD OF HIGHER EDUCATION ET AL, *Respondents.*

490 P2d 1005

*John S. Irvin,* Oregon State Employees Association, Salem, argued the cause and filed the briefs for appellant.

*Walter H. Barrie,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

This is an appeal from a circuit court decision reversing an order of the Public Employe Relations Board (hereinafter the Board), which had reinstated respondent employe.

Employe worked for the University of Oregon's

Tongue Point Job Corps Center in the cafeteria. She was dismissed by a letter dated September 8, 1970, which alleged she had verbally abused cafeteria trainees, exhibited an arrogant and abusive attitude toward fellow employes, disrupted cafeteria operation, and failed to desist from that behavior after being warned by her supervisors; the statutory grounds were "misconduct * * * insubordination * * * or unfitness to render effective service." ORS 240.555. Previous to her dismissal she had been counselled about similar behavior and received a 10-day suspension. It is conceded that she works hard and gets her assigned tasks done.

Employe appealed the dismissal to the Board in accordance with ORS 240.560. After hearing, the Board ordered her reinstatement with full back pay based on the following "findings of fact."

"1. The evidence presented does not sustain the charge for dismissal on the grounds of misconduct, insubordination, and/or unfitness to render effective service as required by ORS 240.555.

"2. The testimony of the witnesses called by the employer failed to sustain the specific charges mentioned (1 through 4) in the letter from the University of Oregon under date of September 8, 1970. Specifically, the testimony of the witness Mrs. Routsi was that she could not recall whether she directed the employe to cease the alleged verbal abuse directed toward Diane Tucker, nor was the testimony of that witness capable of sustaining that there was, indeed, verbal abuse involved.

"3. The Board feels that a problem does exist here, based upon the conduct and attitude of the employe, and does find that the employer has made a good faith attempt at counseling the employe. However, the testimony of the witnesses called was

not sufficient to sustain the charges. This employe must realize that any verbal abuse of any trainee or employe must be avoided and if such conduct is proven, this Board would sustain a dismissal."

■ Central to employe's claim that the circuit court erred in reversing the Board's order is the role of the Public Employe Relations Board in hearing appeals pursuant to ORS 240.560. That section provides:

ORS 240.560.

"(1) A regular employe who is reduced, dismissed, suspended or demoted, shall have the right to appeal to the board * * *.
"* * * * *

"(3) If the board finds that the action * * * was taken * * * for any political, religious or racial reasons, or was an unlawful employment practice * * * the employe shall be reinstated * * *.

"(4) In all other cases if the board finds that the action was not taken in good faith for cause, it shall order the immediate reinstatement and reemployment of the employe in his position without the loss of pay. The board in lieu of affirming the action, may modify it by directing a suspension * * *."

We are only concerned with whether the dismissal was in "good faith for cause." Employe asserts the Board acts in a *de novo* capacity, and makes this determination independent of the decision of the appointing authority. We cannot agree with this proposition.

ORS 240.086 delineates the duties of the Board, of which section (2) is pertinent to the case at bar:

ORS 240.086.

"The * * * board * * * shall:
"* * * * *

"(2) Review any personnel action * * * alleged * * * *to be arbitrary or contrary to law or rule* * * * and set aside such action if it finds these allegations to be correct * * *.

"* * * * *." (Emphasis supplied.)

██ This section appears consistent with the tenor of ORS 240.560(4) in limiting the power of the Board on appeal to that of a quasi-appellate tribunal. Moreover, this construction is reasonable. To construe ORS 240.560 as employe urges would result in vesting disciplinary power of the various state agencies over their employes in the Board and not the agencies which appoint them. Such a result would undermine their authority and hamper efficient agency administration. This is not to say the Board functions merely as a "rubber stamp." We interpret "cause" as it is used in ORS 240.560(4) to mean a *sufficient cause* proven upon a hearing after reasonable notice.[1] In the context of ORS 240.086(2), this means cause not constituting arbitrariness.[2] Furthermore, "good faith" on

---

[1] This is what the court held the same language meant in a similar situation presented in Whoriskey v. City Etc. of San Francisco, 213 Cal App2d 400, 28 Cal Rptr 833 (1963).

[2] A similar interpretation was placed on comparable sections of the Charter of Portland in Moulton v. Logan, 157 Or 406, 72 P2d 64 (1937), where, in response to the dismissed employe's petition, the court stated:

"Having sought relief from the civil service board and by his tacit admission failed to produce the necessary proof, the plaintiff now asks the court to try questions of fact, the determination of which has been committed to inferior tribunals specially constituted by law to discharge that duty. He would have the court take testimony for the purpose of ascertaining *whether or not his discharge was arbitrary and not made in good faith when that is the very question which was presented by his appeal to the civil service board* and by it determined against him * * *." (Emphasis supplied.) 157 Or at 410-11.

the part of the employer must also be found, though that is not at issue here.[9]

■ We proceed to determine whether there is substantial evidence to support the findings of basic facts by the Board. Among the things that a court will examine in this type of review are whether the administrative board exercised its discretion judiciously and not capriciously, "and arrived at no conclusion which was clearly wrong." *Bay v. State Board of Education,* 233 Or 601, 378 P2d 558, 96 ALR2d 529 (1963). Since "good faith" was not at issue, to support reinstatement pursuant to ORS 240.560(4) the Board necessarily had to find as ultimate fact either that the charges were not supported by the facts or that, if the charges were supported, they constituted such insufficient cause as to render the dismissal arbitrary.

■ The "findings" made by the Board are inconsistent, conflicting, and fail to provide a "concise statement of the determination of each contested issue of fact" as required by the Administrative Procedures Act. ORS 183.470. We conclude the trial court was right when it held that no inference of inadequate factual basis for the dismissal can be supported by the limited findings.

The Board found:
"\* \* \* \* \* \*

"(3) \* \* \* that a problem does exist here, based on the conduct and attitude of the employe \* \* \* \*,"

---

[9] The employe stipulated good faith on the part of the employer in dismissing her.

In its decree the trial court found that the Board had made no finding that the employer "did not act in good faith for cause \* \*. \* and the evidence would not support such a finding." We think the trial judge would have more accurately stated what he intended if he had omitted the words "in good faith."

indicating a factual basis for the charges. But a contrary finding appears in (2):

> "The testimony of the witnesses * * * failed to sustain the specific charges * * *. Specifically, the testimony of * * * [one] witness * * * was that she could not recall whether she directed the employe to cease the alleged verbal abuse * * * *nor was the testimony of that witness capable of sustaining that there was* * * * *verbal abuse* * * *." (Emphasis supplied.)

The transcript does show that the specific witness referred to, on examination by a Board member, modified her previous testimony about the employe failing to cease her abuse when told by the witness, who was a supervisor, to "[l]ay off." However, the same witness testified that she did tell employe to "lay off," and her testimony supported the verbal abuse charge, describing it as "so horrible that she was ready to climb a wall herself." The same witness testified that other employes had complained to her that they were "going to quit if she [respondent employe] doesn't get off from their backs." The man in charge of the cafeteria testified that from his office he had frequently heard the employe, who had and used a voice he described as a "beller," "cuss," and that she was guilty of "[h]ollering at the girls, yelling at the girls, arguing with the girls such as to the point where the serving line would stop * * *." The dismissal followed receipt of letters from four other employes that if something wasn't done, they would quit.

■ The only other possibility for upholding the Board's order would be a finding supported by substantial evidence that the cause for dismissal was so insufficient as to make the employer's action arbitrary. No such finding was made by the Board, per-

haps due to a misconception of its function in hearing dismissal appeals. Our review of the record indicates no basis for such a finding. We note the following as sufficient for us to conclude the dismissal was not arbitrary:

Offensive and abusive language was used by the employe toward her fellow employes; there were complaints from these employes and threats to quit if she did not alter her conduct; two written warnings were issued to the employe advising her that such conduct would not be condoned; she was once suspended for ten days for such conduct and in spite of the warnings she continued her objectionable behavior.

The Board's order was properly reversed by the circuit court.

Affirmed.