Argued December 20, 1976, affirmed January 31, reconsideration denied March 16, petition for review denied May 4, 1977

TANORY, *Respondent,*

*v.*

# CIVIL SERVICE COMMISSION OF MULTNOMAH COUNTY RURAL FIRE PROTECTION DISTRICT NO. 10 et al, *Appellants,*

and

## HAM, *Intervenor-Appellant.*

(No. 417-817, CA 6031)

559 P2d 523

William L. Brunner, Portland, argued the cause and filed the brief for appellants and intervenor-appellant.

Bruce W. Williams, P.C., Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

TANZER, J.

## TANZER, J.

■ Petitioner was dismissed from his employment with Multnomah County Rural Fire Protection District No. 10 on October 21, 1974. Pursuant to ORS 242.800[1] he thereafter requested and received a hearing before the Civil Service Commission. After reviewing the evidence presented at that hearing and conducting an independent investigation[2] the Commission found that petitioner's dismissal was made in good faith for cause. From that decision, petitioner appealed to the circuit court pursuant to ORS 242.804.[3]

On review of the record of proceedings before the Civil Service Commission, the circuit court found that petitioner's dismissal "was not for any proven 'good cause' and that the charged violations * * * were not in any respect 'sustained.' " Accordingly, an order was entered restoring petitioner to his former employment

---

[1] ORS 242.800 provides:

"Any permanent employe who has been dismissed, demoted, suspended without pay or deprived of special privileges may, within 10 days, file with the commission a signed written demand for an investigation. If the demand alleges, or if it otherwise appears to the commission, that the dismissal was not made in good faith for cause, the commission shall conduct an investigation and hold a public hearing, such hearing to be within 30 days from the time appeal is filed. Appellant may be represented by counsel or any representative of his own choosing. The investigation shall be confined to the determination of the question of whether the dismissal was made in good faith for cause."

[2] In a letter to petitioner, informing him of the Civil Service Commission's decision, the chairman indicated that the Commission had "conducted an investigation and held public hearings" and "did personally inspect the scene where [petitioner's] injury was stated to have occurred and inspected the equipment concerned." It is not clear whether this investigation and personal inspection amounted to consideration of evidence which was not properly on the record. In view of our disposition of this appeal on other grounds we do not consider the nature or effect of these activities.

[3] ORS 242.804 provides:

"(1) Any decision of the commission affecting any permanent employe or employes subject to ORS 242.702 to 242.824 may be appealed to the circuit court of the county in which the office of the appointing power or the commission is located, and the court shall hear the appeal.

"(2) The appeal, if taken by either an employe or by the appointing

status. The Civil Service Commission appeals from that order.

ORS 242.804(3) limits circuit court review of Civil Service Commission action to a determination of whether that action was made "in good faith for cause."[4] This standard is identical to that prescribed for review, by the Employment Relations Board, of action taken against a state employe. ORS 240.560. The use of the same language in distinct but analogous contexts indicates a legislative intent to provide the same scope of appeal in both public employe settings.

There was no allegation that the Commission acted in bad faith. Thus the sole issue before the circuit court was whether petitioner was dismissed for cause. We have previously held that to reverse an employe's dismissal for lack of cause, the Employment Relations

---

power, shall be taken by serving upon the commission, within 30 days after the date of the entry of such judgment or order, a written notice of appeal stating the grounds thereof and demanding that a certified transcript of the record and of all papers on file in the office of the commission affecting or relating to such judgment or order be filed by the commission with the court. The commission shall, within 10 days after the filing of such notice, make, certify and file such transcript with the court.

"(3) The circuit court shall hear and determine such appeal in a summary manner. The hearing shall be confined to the determination of whether the order of removal, discharge, demotion or suspension made by the commission was made in good faith for cause. No appeal to such court shall be heard except upon such grounds.

"(4) If an appeal is taken the prevailing party shall be allowed his costs and disbursements on appeal."

The Commission contends that the circuit court was without jurisdiction to review its decision because the petitioner failed to file a notice of appeal with the circuit court within the time required. Petitioner did, however, serve timely notice upon the Commission itself and such notice was sufficient to initiate the appeal process. Subsection (2) of ORS 242.804 specifically provides that an appeal shall be taken by serving notice of appeal "upon the commission." The statute does not require that such notice first be filed with the circuit court and we decline to impose such a requirement.

[4] ORS 242.800 similarly restricts the Civil Service Commission's review of employe-related action by an appointing authority. Our discussion of circuit court review is therefore equally applicable to review by the Civil Service Commission.

Board must find that the dismissal is arbitrary either because the charges do not constitute cause for which a reasonable employer would dismiss an employe or, if so, because the charges are not proved by substantial evidence. *Thompson v. Secretary of State,* 19 Or App 74, 526 P2d 621, *rev den* (1974); *Phillips v. State Bd. of Higher Ed.,* 7 Or App 588, 490 P2d 1005 (1971), *rev den* (1972). The same standard must be satisfied to sustain the circuit court's reversal of the Civil Service Commission herein.[5]

Petitioner's dismissal stems from an on-the-job back injury which he allegedly sustained on June 29, 1974, and which resulted in him remaining on "injury leave," at his full salary, for more than four months.[6] The Department Chief (the appointing authority), dismissed petitioner before petitioner returned to active duty because, the Chief concluded, the reported injury was not serious enough to warrant injury leave and in claiming such leave, petitioner had deliberately misrepresented the extent of his injury on various reports. It was also charged that in one report petitioner had falsely named as witnesses to his injury two firefighters who had not actually seen the accident. The Civil Service Commission upheld the dismissal finding these claims of false reporting to be cause for dismissal.

Deliberate falsification of records is cause for which a reasonable employer would dismiss an employe, *Thompson v. Secretary of State, supra.* Therefore the Civil Service Commission's order sustaining petition-

---

[5]Because we conclude that there was no substantial evidence to support petitioner's dismissal, we do not here consider whether petitioner's constitutional right to a post-termination hearing is satisfied by a proceeding in which the standard of proof is limited to substantial evidence. Nor do we consider whether the pretermination procedures followed in this case were consistent with due process. *Tupper v. Fairview Hospital,* 276 Or 657, 556 P2d 1340 (1976). These issues were not raised.

[6]Department General Order No. 32 provides that a department member injured "in the line of duty" shall be eligible to take leave from duty with pay for up to one year for each separate incident. Members are eligible for injury leave from the first day of employment.

er's dismissal must be upheld if there is substantial evidence in the record to support those findings.

■ The circuit court found no such evidence and neither do we. Medical reports confirm that petitioner suffered some back strain; there is no suggestion that he claimed anything more. Petitioner's treating physician initially diagnosed severe lumbo-sacral strain. After approximately one month of prescribed medication and absence from work, petitioner was released by his physician to return to his job provided that he not do any heavy lifting. Petitioner offered to return to work subject to that restriction but his employer refused. Pursuant to department instructions, petitioner remained on injury leave.

When there was no reported change in petitioner's condition by the end of September, he was ordered to and did submit to independent medical examination. Two orthopedists found minor residual back involvement. One doctor recommended claim closure, having found no measurable impairment. The other opined that petitioner could probably return to work although he might have to avoid heavy lifting. Neither physician suggested that petitioner had fabricated the injury or exaggerated its severity. On the basis of their reports, the Chief concluded that petitioner had not been injured and had therefore been malingering. Petitioner was dismissed.

A significant portion of the record relates to petitioner's activities while on injury leave. This evidence was apparently intended to show that petitioner's conduct was inconsistent with his claimed injury. There was, however, no evidence that petitioner had violated the lifting restriction prior to the reports of the examining physicians.[7] Although the Commission might have concluded from the record that petitioner was capable of returning to normal duties sooner than his personal physician believed and

[7] The only evidence indicating that petitioner had violated the lifting restriction related to an event which occurred after his dismissal, and after the two orthopedists reported that he could return to work.

[ 328 ]

that he made no effort to have restrictions on his activities removed, there is no evidence which suggests that petitioner deliberately falsified records in order to receive injury benefits. Indeed, there is no evidence whatever that petitioner acted other than in good faith upon the instructions of his physician.

■ Nor does the record sustain a finding that petitioner falsely listed persons as witnesses. The individuals whom he listed were firefighters on the same truck who were present at the scene. The listing was deemed false because they did not actually see the alleged accident. It is reasonable to list such persons as witnesses on a form report and no intent to falsify is implied by such an act.

■ Because there was no evidence to support the charges made by the appointing authority, petitioner's dismissal should not have been sustained by the Commission and the order of the circuit court setting aside the Commission's action was therefore proper.

Affirmed.