Argued June 24, 1976, remanded February 28, 1977

# CIVIL RIGHTS DIVISION OF BUREAU OF LABOR, *Petitioner,*

*v.*

# WILLIAMS, *Respondent—Cross-petitioner.*
## (No. 348, CA 5745)

560 P2d 673

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Curtis G. Oler, San Francisco, California, argued the cause for respondent—cross-petitioner. With him on the brief was Duncan Callister, Lake Oswego.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The petitioner demoted respondent, one of its employes, for inefficiency, insubordination and misconduct. After a hearing at which much conflicting evidence was presented, the Employment Relations Board (ERB) modified the permanent demotion to a temporary demotion. Petitioner appeals.

The five specific charges against respondent fall into three groups, and present three separate issues.

### I

Two of the charges were that: respondent had released confidential information contrary to statute, agency rule and agency policy; and respondent was away from his office excessively during lunch and coffee breaks. ERB found that these two charges were not proven. We have held in *Fairview Hospital v. Stanton,* 28 Or App 643, 560 P2d 667 (1977), that it is proper for ERB to resolve the factual conflicts in this kind of situation.

### II

Respondent's duties included writing "conciliation agreements." One of the charges was that he had omitted critical material from two of these agreements. ERB found this to be factually true, but not a possible basis for disciplinary action against respondent because it had occurred some 14 months before respondent's demotion while he was a probationary employe, and because:

> "No conduct which the appointing authority was aware of at the time of awarding permanent status may be used as the basis for a future disciplinary action."

Petitioner seems to argue this rule applied by ERB is inappropriate. Petitioner specifically argues ERB misapplied this rule by requiring petitioner to prove *lack* of awareness, instead of requiring the employe to prove *presence* of awareness.

[ 653 ]

■ We agree with ERB on both points. The rule applied by ERB follows from the statutes governing state merit system employment. Those statutes provide that at the beginning of their employment, classified employes "serve a trial period of not to exceed six months." ORS 240.405(1). After completing this probationary period, the employe becomes a "regular employe" who is "deemed to have served his trial service period *satisfactorily*" unless given written notice to the contrary. ORS 240.415. (Emphasis supplied.) Surveying the state merit system and similar public-employment provisions, we previously commented:

> "* * * [A] feature common to all of the statutory schemes is that a new public employe serves an initial probationary period followed, in most cases, by the possibility of acquiring permanent job security. The probationary period, obviously, is designed to permit on-the-job observation and evaluation of the new employe's performance so that only those of demonstrated competence will acquire permanent job security * * *." *Papadopoulos v. Bd. of Higher Ed.,* 14 Or App 130, 160, 511 P2d 854, Sup Ct *review denied* (1973), *cert denied* 417 US 919 (1974).

ERB's rule advances the merit system statutory scheme, interpreted in this light, by requiring supervisors to more carefully make the decision to advance a probationary employe to a permanent employe, and by permitting such advancement to be, in accordance with ORS 240.415, a certification of satisfactory probationary performance.

■■ ERB was also correct to require the employer to establish lack of knowledge of probationary-period deficiencies relied upon as the basis of subsequent disciplinary action. In proceedings before ERB, the employer bears the burden of proving all elements necessary to make out a case for disciplining a classified employe. *See Fairview Hospital v. Stanton, supra.* As applied to the improperly prepared compliance agreements in issue here, this means proving lack of knowledge of these probationary-period mis-

takes at the time permanent status was awarded to respondent. Absent such evidence, ERB properly concluded respondent's probationary-period conduct, albeit improper, could not be part of the basis for the present disciplinary action.

## III

The two remaining charges against respondent were that he was inefficient, i.e., he was not sufficiently productive, and that he was insubordinate, i.e., he refused to sign an evaluation of his work prepared by his supervisors. ERB found these charges to be true,[1] but concluded that a reasonable employer would only regard these matters as grounds for a temporary demotion, and accordingly modified the permanent demotion imposed by petitioner.

The issue, then, becomes: Once ERB discharged its role as a factfinder, what is the scope of ERB's remedial authority in a situation like this?

We have previously concluded that ERB's statutory remedial authority is limited to modifying the sanction imposed by the employer only if it finds that no reasonable employer would impose the sanction selected by the employer. *James v. Employment Division,* 20 Or App 309, 531 P2d 710, Sup Ct *review denied* (1975); *Thompson v. Secretary of State,* 19 Or App 74, 526 P2d 621, Sup Ct *review denied* (1974); *Phillips v. State Bd. of Higher Ed.,* 7 Or App 588, 490 P2d 1005 (1971), Sup Ct *review denied* (1972).

We adhere to that position. In the context of those cases, however, that rule governing ERB's remedial authority was developed in situations where ERB found the facts to be as charged or substantially as charged by the employer. For present purposes the rule requires refinement, because here the facts found by ERB were quite different from what respondent's

[1] On cross-appeal, respondent claims these findings are not supported by substantial evidence. We conclude they are.

supervisors believed them to be when they demoted him.

■ Specifically, ERB found two charges not proven, one proven but not actionable, and two proven. In such a situation, we think it is premature for ERB to then proceed to review the sanction imposed. Instead, ERB should remand to the appointing authority for reconsideration of the sanction in light of ERB's factual conclusions.

When this court affirms some parts of an administrative agency's decision and reverses other parts, we have consistently remanded to the agency for reconsideration of its action in light of our decision. *See Palen v. State Bd. Higher Education,* 18 Or App 442, 525 P2d 1047, Sup Ct *review denied* (1974); *LaMar's Enterprises, Inc. v. OLCC,* 18 Or App 77, 524 P2d 336, Sup Ct *review denied* (1974); *Palm Gardens, Inc. v. OLCC,* 15 Or App 20, 514 P2d 888 (1973), Sup Ct *review denied* (1974). The relationship between ERB and an appointing authority is sufficiently analogous to warrant ERB's following a similar course. It was, therefore, error for ERB, having discharged its factfinding duties, to proceed in this case to a review of the sanction imposed on respondent. It should have remanded to the appointing authority for reconsideration. ERB may thereafter review the sanction imposed by the appointing authority upon reconsideration, subject to the limitations on ERB's remedial authority noted above.

Remanded.