560 P.2d 667 (1977)
28 Or.App. 643
APPEAL OF Warren A. STANTON from One Day Suspension by Fairview Hospital and Training Center.
Fairview Hospital and Training Center, Petitioner,
v.
Warren A. Stanton, Respondent.
Court of Appeals of Oregon.
Argued and Submitted April 23, 1976.
Decided February 28, 1977.
*668 W. Michael Gillette, Sol. Gen., Salem, argued the cause for petitioner. With him on the brief was Lee Johnson, Atty. Gen., Salem.
John S. Irvin, Salem, argued the cause and filed the brief for respondent.
Before SCHWAB, C.J., and LEE and RICHARDSON, JJ.
SCHWAB, Chief Judge.
The simple facts of this case put the more complicated issue in perspective. A resident of Fairview Hospital and Training Center claimed that respondent, a Fairview employe, struck him. Respondent emphatically denied he struck the resident. The only other evidence was that there was a red mark on the complaining resident and that the resident in question may have been in some kind of altercation with other residents the day of the alleged assault.
Respondent's supervisors chose to believe the resident's version and suspended respondent for one day without pay.[1] Respondent sought review by the Employment Relations Board which, after a hearing, ordered: "The suspension action is set aside." *669 Fairview appeals, seeking to have respondent's suspension reinstated.
The dispute centers on what should be the proper nature of the proceedings before ERB. Fairview argues that ERB merely should have reviewed the data that was before respondent's supervisors for "substantial evidence"; and, there being two contradictory versions of what had transpired, there necessarily was "substantial evidence" to support a conclusion either way, including the conclusion that respondent had struck the resident.[2] Respondent contends, on the other hand, that ERB could, should and did make an independent determination of the facts.
Although not completely clear, ERB's decision indicates that it conceived its role as being more in accord with respondent's argument in this court. ERB's decision states:
"Testimony by the allegedly abused resident and [respondent] was in direct conflict. There being no witnesses, it boils down to a case of `whom you believe'. No competent evidence was presented to establish that either [respondent] or the resident was lying."
Coupled with ERB's ultimate decision in respondent's favor, this can only mean that ERB found the evidence on both sides to be equally persuasive and therefore ruled against the side with the burden of proof  the employer.
The question remains of whether ERB was entitled to make this independent assessment of the facts. There are three relevant sources of authority: statutes, cases and constitutional doctrine.
The relevant statute, ORS 240.560, provides:
"(1) A regular employe who is reduced, dismissed, suspended or demoted, shall have the right to appeal to the board not later than 10 days after the effective date of such reduction, dismissal, suspension or demotion. Such appeal shall be in writing and shall be heard by the board within 30 days after its receipt. The board shall furnish the division of the service concerned with a copy of the appeal in advance of the hearing.
"(2) The hearing shall be conducted as provided for a contested case in ORS 183.310 to 183.500.
"(3) If the board finds that the action complained of was taken by the appointing authority for any political, religious or racial reasons, or because of sex or marital status, or was an unlawful employment practice as described in subsection (1) of ORS 659.026, the employe shall be reinstated to his position and shall not suffer any loss in pay.
"(4) In all other cases, if the board finds that the action was not taken in good faith for cause, it shall order the immediate reinstatement and the reemployment of the employe in his position without the loss of pay. The board in lieu of affirming the action, may modify it by directing a suspension without pay for a given period, and a subsequent restoration to duty, or a demotion in classification, grade or pay. The findings and order of the board shall be certified in writing to the appointing authority and shall be forthwith put into effect by the appointing authority."
We have previously interpreted ORS 240.560 in a series of cases. In Phillips v. State Bd. of Higher Ed., 7 Or. App. 588, 490 P.2d 1005 (1971), Sup.Ct. review denied (1972), this court concluded the statute does not authorize ERB to make a de novo review of the facts that were the basis of an appointing authority's decision to discharge a public employe, 7 Or. App. at 591, 490 P.2d 1005, but that sufficient cause for the discharge decision had to be "proven [before ERB] upon a hearing after reasonable notice," 7 Or. App. at 592, 490 P.2d at 1008. In Phillips we also referred to ERB as "a quasi-appellate tribunal." 7 Or. App. at 592, 490 P.2d 1005.
*670 The scope of ERB's authority arose again in Thompson v. Secretary of State, 19 Or. App. 74, 526 P.2d 621, Sup.Ct. review denied (1974). Our opinion in Thompson may have blended two distinct issues: ERB's factfinding authority, i.e., did or did not a discharged public employe commit certain acts, versus ERB's remedial authority, i.e., what remedies can ERB invoke if it finds the facts to be different than they were perceived to be by the appointing authority at the time of discharge. As for remedial authority, we held that ERB could only modify disciplinary action taken if it finds that no reasonable employer would have regarded the facts as sufficient cause for the disciplinary action taken. 19 Or. App. at 80, 526 P.2d 621. We adhere to that view of ERB's remedial authority as explained more fully in Civil Rights Division v. Williams, Or. App., 560 P.2d 673 (1977).
As for factfinding authority, Thompson is capable of being read for the proposition that ERB cannot review de novo. 19 Or. App. at 78, 526 P.2d 621. However, Thompson also states:
"* * * [O]ur interpretation [of ORS 240.560] does not reduce the Board to a `rubber stamp' * * *. Employers remain obligated to establish in a hearing before the Board or its agents following reasonable notice facts that support the charges upon which they base their disciplinary actions. * * *" 19 Or. App. at 81, 526 P.2d at 624.
See also, James v. Employment Division, 20 Or. App. 309, 531 P.2d 710, Sup.Ct. review denied (1975).
There is a possible contradiction between viewing ERB as a "quasi-appellate tribunal," Phillips, that does not make factual determinations de novo, Phillips and Thompson, and the requirement that employers prove the factual basis of disciplinary action in a hearing before ERB, Phillips and Thompson. To resolve this possible contradiction and to more clearly define ERB's factfinding authority, we turn to the relevant constitutional doctrine.
Public employment coupled with civil service or tenure job protection, i.e., legal provision that an employe will only be discharged for cause, is an entitlement that can only be taken by way of procedures that satisfy due process standards. Tupper v. Fairview Hospital, 276 Or. 657, 556 P.2d 1340 (1976). Due process is satisfied by minimum pretermination procedures, Tupper, 276 Or. at 665, 556 P.2d at 1340, followed by what the Supreme Court referred to as a "full post-termination hearing," 276 Or. at 665, 556 P.2d 1340, and as "a full evidentiary hearing," 276 Or. at 663, 556 P.2d 1340. This language strongly suggests ERB's role, constitutionally, must be that of the primary factfinder; as applied in this case, the tribunal to determine factually whether the respondent did or did not strike the Fairview resident as alleged by his supervisors.
This suggestion is consistent with general due process standards which generally entitle respondent to present favorable evidence and confront adverse evidence. Under the Tupper rules, respondent's first formal opportunity to do so came at the post-disciplinary action hearing before ERB. Moreover, due process requires that evidentiary conflicts be resolved by an impartial decision maker. See, Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725, n. 10 (1975).
In conclusion, addition of the constitutional perspective leads us to abandon our prior interpretations of ORS 240.560 as developed in Phillips and Thompson. It is misleading to think of the proceedings before ERB as an "appeal" that is "reviewing"  de novo or otherwise  a prior determination.[3] ERB is, under the statute and constitution, the primary factfinder, that is, *671 the tribunal before which all parties have the opportunity to present and rebut evidence relevant to disciplinary action against a public employe, the tribunal that resolves any conflicts in the evidence, and the tribunal which draws inferences from the evidence. ERB properly so functioned in this case.
Affirmed.
NOTES
[1] There is no question that the resident's story, if true, would establish that respondent was guilty of misconduct within the meaning of ORS 240.555(1). See, Fairview Hospital v. Moore, Or. App., 560 P.2d 671 (1977).
[2] See, Von Weidlem/N.W. Bottling v. O.L.C.C., 16 Or. App. 81, 514 P.2d 560, 515 P.2d 936, 517 P.2d 295 (1973), Sup.Ct. review denied (1974).
[3] The fallacy produced by such a choice of terminology can be illustrated as follows. Suppose one contracting party makes the determination that the other party has committed a material breach and therefore abandons his own performance under the contract. We would not regard a subsequent circuit court breach-of-contract trial as an "appeal" to "review" the prior determination of one of the contracting parties.

Therefore, the use of the word, "appeal," in ORS 240.560(1) cannot have been intended to mean appeal in the technical sense, but rather as a shorthand way of saying "invoke ERB's jurisdiction." This becomes clear under ORS 240.560(2) which provides that proceedings before ERB are in the nature of contested cases under the Administrative Procedures Act.