T ANZER, J.
Petitioners appeal from an order of the Oregon Liquor Control Commission denying their application for a Class A dispenser’s license for their restaurant. They contend that the findings of the commission are not supported by substantial evidence and that the conclusions are not supported by substantial reason.
One ground of denial of the license is that false statements had been made by the applicant. The pertinent findings of fact are:
"Applicant Ivan Smith completed and signed as part of the application process an 'Individual History Questionnaire’ upon which he answered 'no’ to the following question: 'Were you ever arrested for any crime, or convicted, fined, imprisoned, placed on probation, received a suspended sentence or forfeited bail for any offense in criminal, civil or military court? (Do not include traffic violations unless they resulted in suspension of your driver’s license.)’
"In addition, Mrs. Smith provided the following answer to the question, 'Have you ever sued anyone, or has anyone ever sued you?’: 'Yes, Nov. 1975 — Marvin Jensen (pi) v. Ivan Smith (def), Clatsop County, Astoria.’ "Mr. Smith did in fact forfeit bail in 1968 on a charge of possessing an illegal pull-tab device in tavern he owned in Hammond, Oregon. Furthermore, Mr. Smith was involved in three other lawsuits or actions in addition to the one he admitted on the application.”
The commission found ultimately:
"Statements made by applicant Ivan Smith on his 'Individual History Questionnaire’ were false and incomplete.”
The commission came to the following conclusion of law:
"Applicant did not furnish truthful and complete information required by the Commission as part of the application process [OAR Chapter 845 10-725(5)].”
Based thereon, the commission made the following ultimate conclusion of law:
"3. The license should not be granted because appli *[170] cant has made false statements to the Commission [ORS 472.160(5)].”
Petitioner concedes that the answers on the application were technically false, but contends that they were true as he understood the questions. He testified that he filled out the application without the aid of counsel. He further stated that he did not answer the question about arrests completely because he understood "arrest” to refer to situations of actual detention or incarceration whereas he had forfeited bail. Of course, the question also refers to cases of "forfeited bail.” He also testified that he answered the question about civil litigation incompletely because "* * * I didn’t understand that I had to go clear back and get all of them.” Therefore, the findings are supported by the substantial evidence.
 The applicant contends that the falsity was innocently motivated and therefore the conclusions do not flow from the findings because they fail to take into account the applicant’s innocent explanation. The commission, as the trier of fact, decides the weight to be given to the applicant’s explanation of the reason for falsity. We cannot overturn its finding based upon substantial evidence and we cannot compel it to find in accordance with the applicant’s testimony. Therefore the findings and conclusions regarding false statements are upheld. See, Von Weidlein/N. W Bottling v. OLCC, 16 Or App 81, 514 P2d 560, 515 P2d 936, 517 P2d 295 rev den (1973).
We do not reach the assignments of error regarding the other findings and conclusions because to do so would be advisory. This is not an order in which the denial is based upon an accumulation and weighing of several negative factors. Rather, the wording of the ultimate conclusion of law set out above makes clear that the commission regards the false statements alone to be a compelling reason that the license "should not be granted.” Cf., Williams v. Civil Rights Div., 30 Or App 983, 987-88, 568 P2d 707 (1977). *[171] Therefore whether we uphold the other grounds and affirm the order or vacate them and remand for entry of a new order of denial based upon the ground of false statements alone, the result is the same: denial. For us to consider the other grounds in such a circumstance would be to perform a useless act of an advisory nature. Therefore we decline to do so.
Affirmed.