Argued September 9, affirmed December 20, 1977

CIVIL RIGHTS DIVISION OF
BUREAU OF LABOR, *Respondent,*
*v.*
WILLIAMS, *Petitioner.*
(No. 348, CA 5745, SC 25274)
573 P2d 270

Curtis G. Oler, San Francisco, California, argued
the cause for petitioner. With him on the briefs was
Duncan Callister, Lake Oswego.

[ 595 ]

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

HOLMAN, J.

Linde, J., dissenting opinion, in which Tongue and Lent, JJ., joined.

## HOLMAN, J.

The Civil Rights Division of the Bureau of Labor (Division) demoted Williams, an employee, with a commensurate reduction in salary, The basis was five charges of either inefficiency, insubordination, or misconduct. Williams appealed to the Employment Relations Board (ERB) which found only two of the five charges to be proved and accordingly modified the permanent demotion to a temporary one. Both the Division and Williams petitioned the Court of Appeals for review. The Court of Appeals sustained ERB's decision that only two of the charges could be used as a basis for discipline. However, it set aside ERB's modification of the sanctions and directed that the matter be remanded by ERB to the Division for a new imposition of sanctions since the facts found by ERB were different from those on which was based the imposition of the Division's original sanctions of permanent demotion and resultant reduction in salary. 28 Or App 651, 560 P2d 673 (1977).

This court took review for the sole purpose of determining the propriety of the Court of Appeals' ruling setting aside ERB's modification of the sanctions and requiring ERB to remand the matter to the Division for the imposition of new sanctions.

ORS 240.555(1) provides for the imposition of sanctions, as follows:

> "Suspension, reduction, demotion or dismissal. (1) The division shall establish by rule a procedure in accordance with this chapter whereby *the appointing authority* in any division of the service *may* suspend, reduce, demote or dismiss an employe thereof for misconduct, inefficiency, incompetence, insubordination, indolence, malfeasance or other unfitness to render effective service.
>
> "* * * * *." (Emphasis added.)

The general duties of ERB are set forth in ORS 240.086. Insofar as it is here pertinent, the statute provides:

"Duties of board. The primary responsibility of the board shall be to foster and protect a merit system of personnel administration in state government. In carrying out this function it shall:

"* * * * *.

"(2) *Review any personnel action* that is *alleged* by an affected party, or an organization certified by the rules of the board as representing an affected party, *to be arbitrary or contrary to law or rule,* or taken for political reason, and set aside such action if it finds these allegations to be correct. The board on its own motion may act with like effect under this subsection.

"* * * * *." (Emphasis added.)

ORS 240.560(1) provides for the appeal by the employee to ERB. The statute further provides that

"(2) [t]he hearing shall be conducted as provided for a contested case in ORS 183.310 to 183.500.

"(3) If the board finds that the action complained of was taken by the appointing authority for any political, religious or racial reasons, or because of sex or marital status, or was an unlawful employment practice as described in subsection (1) of ORS 659.026, the employe shall be reinstated in his position and shall not suffer any loss in pay.

"(4) In all other cases, if the board finds that the action was *not taken* in good faith *for cause,* it shall order the immediate reinstatement and the reemployment of the employe in his position without the loss of pay. *The board in lieu of affirming the action, may modify it* by directing a suspension without pay for a given period, and a subsequent restoration to duty, or a demotion in classification, grade or pay. The findings and order of the board shall be certified in writing to the appointing authority and shall be forthwith put into effect by the appointing authority." (Emphasis added.)

There is no contention that the demotion of Williams was due to any political, religious or racial reasons, or that the action was taken because of sex or marital status or was an unlawful employment practice. Neither is there any contention that the action was taken in bad faith.

The Court of Appeals has, in a number of cases, construed these statutes to provide that where there is cause for discipline ERB may only modify disciplinary action taken by the agency if it, ERB, finds that no reasonable employer would have regarded the facts as presenting sufficient cause for the disciplinary action taken. *Fairview Hospital v. Stanton,* 28 Or App 643, 647, 560 P2d 667 (1977); *James v. Employment Division,* 20 Or App 309, 311, 531 P2d 710, S Ct *rev. denied* (1975); *Thompson v. Secretary of State,* 19 Or App 74, 80, 526 P2d 621, S Ct *rev. denied* (1974); and *Phillips v. State Bd. of Higher Ed.,* 7 Or App 588, 592, 490 P2d 1005 (1971), S Ct *rev. denied* (1972).[1] The court arrived at this result by construing the language of ORS 240.560(4) in the light of ORS 240.086(2) and concluding that ERB could not modify the imposed sanctions in the absence of a finding that the employing agency had acted arbitrarily, *i.e.,* no reasonable employer would have regarded the facts as sufficient grounds for the sanctions imposed. The court said:

> "As modified by ORS 240.086(2), the 'cause' required by ORS 240.560(4) must necessarily be 'cause not constituting arbitrariness * * *.' [Phillips v. State Bd. of Higher Ed.,] 7 Or App at 592." *Thompson v. Secretary of State, supra* at 80.

The court concluded that the statute was so intended because to construe the language otherwise would result in vesting the disciplinary power over the employes of various state agencies in ERB and not in the agencies which appoint and supervise them, with the resultant undermining of the authority of the agencies and attendant inefficiency in administration. The court said, citing *Phillips v. State Bd. of Higher Ed., supra* at 592:

> " '* * * To construe ORS 240.560 as employe urges would result in vesting disciplinary power of the various

---

[1] *Fairview Hospital v. Stanton,* 28 Or App 643, 560 P2d 667 (1977), *overruled Thompson v. Secretary of State,* 19 Or App 74, 526 P2d 621 (1974), and *Phillips v. State Bd. of Higher Ed.,* 7 Or App 588, 490 P2d 1005 (1971), as to the scope of ERB's factfinding authority. That issue is not involved here.

[ 599 ]

state agencies over their employes in the Board and not the agencies which appoint them. Such a result would undermine their authority and hamper efficient agency administration * * *.' " *Thompson v. Secretary of State, supra* at 81.

■ However, in each of the cases the facts were ultimately found to be the same as those upon which the agency based its discipline. In the present case ERB did not find the facts to be the same as did the agency, but found instead that two of the five charges were not proven and one was not actionable. The Court of Appeals affirmed that there was an adequate basis for ERB's determination. As a result, the Court of Appeals refined its interpretation of the statutes to meet the new situation where there is a basis for discipline but such basis is different from the one upon which the original sanctions are imposed, and required that the matter be remanded to the Division for the imposition of new sanctions in the light of the facts as found by ERB. The employe, may, of course, under the rule laid down by the Court of Appeals, petition ERB, after the imposition of the new sanctions by the employing agency, if such employe feels that no reasonable employer would consider the facts, as found by ERB, to be sufficient cause for such imposition, *i.e.,* arbitrary action.

This holding of the Court of Appeals is in conformance with its prior construction of the statutes to the effect that it was intended that the primary authority to impose sanctions upon employes should be in the hiring and supervising agencies, as long as the sanctions are reasonable and not arbitrary. The Court of Appeals divined the policy of the legislature, as demonstrated by the statutes, to be that primary responsibility for the discipline of employes should be in the employing and supervising agency, and not in ERB. Though this construction of ORS 240.560 first manifested itself in January 1972 with the *Phillips* decision, and three legislative sessions have since elapsed, one of which saw the reenactment of this very

section,[2] the legislature has not chosen to change the portion here in question.

An argument can be made that the construction by the Court of Appeals effectively erases the power of modification plainly given to ERB by the statute. Such is not the case, however, because any arbitrary or unreasonable sanction may, under the court's construction, be modified by ERB.

■ Williams argues that the court misconceived the legislative intention and that it is unreasonable to assume that the agency would act fairly in any event after its original penalty was set aside because of a diminution in the proved charges. The division between the employing agency and ERB of the authority to impose sanctions upon an employe is a matter of policy for the legislature. Either construction of the present statutes is arguable. The Court of Appeals has adopted one construction, and the legislature has, seemingly, acquiesced.

The decision of the Court of Appeals is affirmed.

**LINDE, J.,** dissenting.

The law that emerges from the majority's surgery is very different from the law that the legislature enacted. The provisions for the Employment Relations Board's review of personnel disciplinary actions, as actually enacted, state the following:

ERB is to review any personnel action alleged to be "arbitrary or contrary to law or rule,[1] or taken for political reasons." If it finds the allegation to be correct, it shall "set aside" the action. ORS 240.086(2).

Upon an appeal by an employee, ORS 240.560 prescribes two dispositions, depending on the reasons

---

[2] Oregon Laws 1975, ch 427, § 12.

[1] The "rule" may be either a rule of the employing agency or a rule established by ERB for agency personnel actions pursuant to ORS 240.555(1). *See* OAR 105-81-100 to 81-600.

for the appointing agency's action.[2] If ERB finds that the reason was a forbidden discrimination, the employee must be reinstated without loss of pay. ORS 240.560(3). Similarly, if ERB finds that the action appealed from was not taken in good faith for cause, the employee must be reinstated without loss of pay. ORS 240.560(4). But this subsection assigns ERB a second function even when the action was taken in good faith for cause: "The board in lieu of affirming the action, may modify it" by selecting a different penalty. *Id.*

It is difficult to see how this last sentence could be misconstrued. ERB is not authorized to "modify" a personnel action when it finds it to be "arbitrary or contrary to law or rule" within the meaning of ORS 240.086(2). It must set it aside, as that section plainly states. ERB is authorized to modify an action only "in lieu of affirming the action," *i.e.* when the action might properly be affirmed. It garbles these sections to say that ERB may modify the appointing agency's action only when it was "arbitary." To the contrary,

---

[2] ORS 240.560:

(1) A regular employe who is reduced, dismissed, suspended or demoted, shall have the right to appeal to the board not later than 10 days after the effective date of such reduction, dismissal, suspension or demotion. Such appeal shall be in writing and shall be heard by the board within 30 days after its receipt. The board shall furnish the division of the service concerned with a copy of the appeal in advance of the hearing.

(2) The hearing shall be conducted as provided for a contested case in ORS 183.310 to 183.500.

(3) If the board finds that the action complained of was taken by the appointing authority for any political, religious or racial reasons, or because of sex or marital status, or was an unlawful employment practice as described in subsection (1) of ORS 659.026, the employe shall be reinstated to his position and shall not suffer any loss in pay.

(4) In all other cases, if the board finds that the action was not taken in good faith for cause, it shall order the immediate reinstatement and the reemployment of the employe in his position without the loss of pay. The board in lieu of affirming the action, may modify it by directing a suspension without pay for a given period, and a subsequent restoration to duty, or a demotion in classification, grade or pay. The findings and order of the board shall be certified in writing to the appointing authority and shall be forthwith put into effect by the appointing authority.

the precondition for ERB's power of modification as stated in ORS 240.560(4) is precisely that the appointing agency did act in good faith and for cause.

The first question in the present case, therefore, is whether ERB could have affirmed respondent's demotion of Mr. Williams. The case differs from its predecessors, as the court states, because ERB found that only two of respondent's five reasons for its action could be sustained. It might be argued that in such a case ERB could not affirm the action and thus could not modify it. But this is not the court's theory, and I do not think it is required by the statute. I do not read ORS 240.086(2) or ORS 240.560(4) to require complete reversal of a disciplinary action and a new start within the appointing agency whenever one of many grounds for its action proves vulnerable on appeal to ERB. If, for instance, one of several acts or omissions charged to an employee would plainly be a proper and sufficient basis for discharge, and it is established to ERB's satisfaction that the appointing agency would in good faith discharge the employee on that ground alone and is not motivated by reasons forbidden in ORS 240.560(3), the fact that the agency may also have cited other, unproven, grounds for its action does not deny ERB the authority to affirm the discharge. And if ERB has the authority to affirm under such circumstances, it also has the authority to modify the action under ORS 240.560(4).

The next question is by what standards and by what procedures ERB is to exercise this authority. This is important to the appointing agency's (and thus the public's) interest in the future performance of the employee's work in the agency, as the court points out. ERB is itself an agency administering a statutory mandate. The fact that it may modify another agency's action does not mean that it may do anything it pleases.

The authority to modify disciplinary action given to ERB in this statute is discretionary authority similar

to the Public Utility Commissioner's authority to modify a penalty that was before us in *Dickinson v. Davis,* 277 Or 665, 561 P2d 1019 (1977). Such administrative discretion, the court stated, is not a "magic word" but a range of responsible choice in pursuing a statutory assignment under various circumstances. "This applies to a discretionary choice of sanctions just as to other delegated authority." *Id.* at 673. To the extent that the reasons for the discretionary choice depend on facts not already in the record, which a party may wish to dispute, *Dickinson* held that opportunity to place these facts on record should be provided. *Id.* at 674 and note 6.

I believe that a similar solution is proper here. If ERB finds that there are no proper grounds on which it could affirm disciplinary action, it is bound to set the action aside, ORS 240.086(2); if it finds there are such grounds, it is authorized to affirm. However, if it determines that it may be proper, in lieu of affirmance, to modify the appointing agency's action, the parties are entitled to address that issue on the record before ERB makes its final decision. This may be done in the initial hearing or, if the issue of modification arises only after ERB concludes that the grounds for action are partly valid and partly unfounded, it may be done by reopening the record. *Cf. Dickinson v. Davis, supra,* note 6. Since ERB's decision involves review of another agency's action, that agency's judgment deserves a degree of deference.

This solution assures that ERB will have before it the views of the responsible appointing agency as to the action it considers proper on those grounds which ERB has found valid, without the need of a remand to that agency and a subsequent return to ERB in a new appeal. Counsel for the state agreed at oral argument that this procedure would serve the purpose of allowing the appointing agency to reconsider the proper action. It also assures that there will be a proper record on possible judicial review of ERB's exercise of its

authority under ORS 240.560(4) without requiring a reopening of the record at that late stage under ORS 183.482(5). Thus, the proper disposition of this case should be to remand it to ERB in order to permit petitioner and respondent to place on record their arguments for the affirmance or modification of respondent's action in light of ERB's findings that only two of the five grounds for the action were proper.

It is not uncommon for courts to divide over the meaning of a statute, but this is not really such a case. As examination of the majority opinion will show, the majority does not itself read the statute differently from this opinion or even claim that it is ambiguous. Rather, the court's opinion rests entirely on a policy expressed by the Court of Appeals that management responsibility for sanctions against a public employee should be insulated from ERB power to modify unless they can be declared to be "arbitrary." This may or may not be a better policy, but that is not this court's concern. The legislature authorized the Employment Relations Board to modify disciplinary sanctions itself, not merely to remand them to the appointing agency. The courts may disturb the board's action in this respect only if it is "unlawful." ORS 183.482(8)(a). What the majority candidly does in this case is to replace the legislature's view of personnel management with that of the Court of Appeals. Apparently, if the legislature wishes to reassert what it unambiguously said in ORS 240.560(4), it will have to find some way to say it again.

Tongue and Lent, JJ., join in this dissenting opinion.