Argued and submitted March 23, affirmed May 18, 1981

# OREGON LIQUOR CONTROL COMMISSION,
*Petitioner,*

*v.*

# EMPLOYMENT RELATIONS BOARD et al,
*Respondents.*

(No. 961-972, CA 18392)

628 P2d 416

Al J. Laue, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Daniel C. Ellis, Chairman, Employment Relations Board, Salem, waived appearance for respondent Employment Relations Board.

F. Peter DeLuca, Salem, argued the cause and filed the brief for respondent John W. Whiteaker.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The Oregon Liquor Control Commission (OLCC) appeals from an Employment Relations Board (ERB) order setting aside OLCC's dismissal of the respondent employee.[1] ERB concluded that "[w]hile some discipline was in order" for the employee's conduct, "no reasonable employer would have dismissed" him. We affirm.

OLCC relies on our holdings in *Thompson v. Secretary of State,* 19 Or App 74, 526 P2d 621, *rev den* (1974), and other cases,[2] where we adopted the rule that ERB can reverse or modify an agency disciplinary action pursuant to ORS 240.560 only if it finds that "no reasonable employer" would have imposed the discipline under the circumstances. OLCC argues:

> "In this case, given the totality of the circumstances, some employers might not have dismissed, but it cannot be said that *no* employer would have dismissed, therefore, the Board exceeded its authority on review of the action of OLCC." (Emphasis OLCC's.)

In *Brown v. Oregon College of Education,* 52 Or App 251, 628 P2d 410 (1981), we held that, in reviewing agency disciplinary actions, ERB is to find *as a fact* whether a reasonable employer would have taken the action. We further held that the "no reasonable employer" rule is an objective test and is to be applied in essentially the manner the "reasonable person" test is applied in negligence cases.

OLCC's argument does not persuade us that ERB's decision in this case entailed an erroneous application of the "no reasonable employer" test as construed in *Brown.*[3]

Affirmed.

---

[1] The employee does not cross-appeal from ERB's affirmance of his interim suspension.

[2] *Thompson* and the other cases were rejected by our opinion in *Fairview Hospital v. Stanton,* 28 Or App 643, 560 P2d 667 (1977), insofar as they relate to ERB's *factfinding* powers under ORS 240.560. However, *Stanton* expressly endorsed the "no reasonable employer" test of *Thompson* and its precursors as the proper limitation on ERB's *remedial* powers. *See* 28 Or App at 647.

[3] We do not imply that we would find error under any authority or principles which pre-dated *Brown* or that there was not substantial evidence to support the factual findings. We note that it is at least arguable that, under *Brown,* the employee here was entitled to more factual determinations than ERB made. However, he neither cross-appeals from nor objects to ERB's order.