Argued January 4, reversed January 31, rehearing denied March 6, 1928.

## JAMES MOE v. U. C. COE.

(263 Pac. 925.)

**Licenses—That Buyer of Securities, Sold in Violation of Blue Sky Law, had Considerable Business Acumen, Did not Prevent His Invoking Protection of Blue Sky Law.**

1. That buyer of negotiable units in form of certificates in syndicate, sold in violation of Blue Sky Law (Or. L., § 6838 et seq., as amended), had sufficient business acumen to look after his own interests, did not take from him right to invoke protection of provisions of that law against unlawful acts of seller.

**Licenses—Sale by Trustee of Syndicate of Certificates, Transferring Units in Syndicate, Violated Blue Sky Law, and was Void.**

2. Issuance and sale by trustee of syndicate of certficates purporting to transfer units in syndicate was contrary to prohibition of Blue Sky Law (Or. L., § 6838 et seq., as amended), and offended against criminal law, and sale was void.

**Licenses—Good Faith or Advice of Counsel is No Defense to Sale of Securities Contrary to Blue Sky Law.**

3. Good faith or advice of counsel is not a defense to sale of securities contrary to Blue Sky Law (Or. L., § 6838 et seq., as amended).

**Licenses—That Prosecution for Violation of Terms of Blue Sky Law by Seller was Barred by Statute Did not Prevent Buyer of Securities Recovering Sum Paid (Or. L., § 1377).**

4. That prosecution for selling securities in violation of terms of Blue Sky Law (Or. L., § 6838 et seq., as amended) by seller was barred by statute of limitations (Or. L., § 1377) did not affect buyer's right to rescind contract and recover sum paid.

---

2. Validity of contracts in violation of statute, see note in 1 Ann. Cas. 333; 11 Ann. Cas. 664. See, also, 6 R. C. L. 699, 702.

Licenses—Return of Worthless Securities Sold in Violation of Blue Sky Law was Unnecessary in Order for Buyer to Recover Sum Paid.

5. It was not necessary for buyer to return certificates purporting to transfer units in syndicate sold in violation of Blue Sky Law (Or. L., § 6838 et seq., as amended) in order to rescind contract and recover sum paid, where units were utterly valueless.

Licenses, 37 **C. J.**, p. 275, n. 13, p. 277, n. 43, p. 278, n. 51, 59 New.

From Multnomah: LOUIS P. HEWITT, Judge.

Department 2.

The several causes of suit alleged in the complaint herein are based upon the alleged sale of certain securities or certificates by defendant to plaintiff. The plaintiff seeks a rescission on the ground of fraud and violation of the Blue Sky Law of Oregon. From a decree dismissing the complaint, plaintiff appeals.

REVERSED.     REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Thomas Mannix.*

For respondent there was a brief over the names of *Mr. Ralph H. King* and *Mr. W. Lair Thompson,* with an oral argument by *Mr. King.*

BROWN, J.—The defendant filed in the State of Montana a declaration of trust designated as "The Coe Drilling Syndicate," the object being, among other things, to locate, lease, purchase, interests in land and to drill and develop such lands for the production of oil for profit. The declaration of trust authorized the trustee of the Syndicate to issue negotiable beneficial interests or units, in the form of certificates, to the extent of fifteen thousand shares, of the expressed value of $5 each. At all the times

mentioned in the certificates issued and sold to this plaintiff, the defendant was the trustee of the Syndicate, and as such trustee issued and signed the certificates.

The plaintiff testified, in effect, that he purchased the certificates largely on account of the good name of this defendant. He testified that he paid the defendant a total of $1,100, and received therefor 220 units in the Syndicate. The certificates were received in evidence, and appear to have been duly signed by defendant as trustee. For a complete description of the declaration of trust, and for form of certificate issued and signed by defendant as such trustee, see the companion case of *Pennicard* v. *Coe, ante,* p. 423 (263 Pac. 920).

Before proceeding further, we will observe that the story of the events which led to an action at law prosecuted by this defendant as trustee, against Tom Taylor as agent and assistant manager, wherein the trustee recovered judgment for more than $5,000 against Taylor for breach of trust, tells why the oil well in which this plaintiff invested was not drilled to the depth contemplated by the trustee.

1, 2. The plaintiff is a man of mature years, possessed of business experience, and, when he purchased the securities in question, he was intelligent enough to know that by the acquisition of his interest in the enterprise he was acquiring a mere gambler's chance. However, the Blue Sky Law was intended to prevent the sale of securities issued by fly-by-night concerns, such as securities for visionary oil wells, distant gold mines, and other fraudulent schemes and exploitations; and the fact that the plaintiff had sufficient business acumen to look after his own interests does not take from him the right to invoke the protection

of the provisions of that law against the unlawful acts of the defendant. The issuance and sale to plaintiff by the defendant, as trustee, of the several certificates purporting to transfer 220 units in the Coe Drilling Syndicate in consideration of the sum of $1,100, was contrary to the prohibition of the Blue Sky Law, and offended against the criminal laws of Oregon. Hence such contract of sale and purchase is void and of no effect: Bishop's Law of Contracts, § 547; *State* v. *Fraser,* 105 Or. 589 (209 Pac. 467); *State* v. *Whiteaker,* 118 Or. 656 (247 Pac. 1077); *State* v. *Barrett,* 121 Or. 57 (254 Pac. 198); *King* v. *Commonwealth,* 197 Ky. 128 (246 S. W. 162, 27 A. L. R. 1159). See, also, authorities cited in *Pennicard* v. *Coe, ante,* p. 423 (263 Pac. 920), the companion case hereinabove referred to.

3. The Whiteaker case is also in point on the question of the immateriality of the good faith of the defendant in this case. Good faith or advice of counsel is not a defense to the sale of securities contrary to the Blue Sky Law. This is so although, in the opinion of the writer, a wrong committed innocently is a circumstance of great weight, to be considered in determining upon the severity of the judgment to be pronounced on conviction.

4. A prosecution for violation of the terms of the Blue Sky Law by the defendant is barred by the statute of limitations. However, this fact does not affect the cause one way or the other.

5. The securities involved have not been returned to the defendant. Nor is return necessary in the case at bar, for the reason that the units are utterly valueless: 2 Black on Rescission and Cancellation, § 622.

The decree of the trial court will be reversed and one entered here granting to the plaintiff a rescission

of the contracts involved, and restoring to him the sum of $1,100, as prayed for in his complaint.

Neither party will recover costs.

REVERSED AND DECREE ENTERED. REHEARING DENIED.

RAND, C. J., and BEAN and BELT, JJ., concur.