Argued January 18, affirmed February 10, 1972

STATE OF OREGON, *Respondent, v.* STEVEN
D. PHELPS, *Appellant.*

493 P2d 1059

*Charles R. Cater,* La Grande, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

Defendant, having been indicted by a grand jury of the crime of illegal possession of marihuana, ORS 474.020, was found guilty by the trial court sitting without a jury.

On appeal he contends that the trial court should have acquitted him because (1) there was no evidence that he possessed a "usable" quantity of marihuana, and (2) ORS 474.020, which makes possession of marihuana a felony, unconstitutionally overlaps ORS 475.625(1), which makes using or being under the influence of marihuana a misdemeanor. He also assigns as error requiring reversal the fact that he was not given a preliminary hearing. Defendant also makes two other assignments of error which do not warrant discussion.

In defendant's room was found a package containing six or seven butts from handmade cigarettes which were about 85 to 90 per cent marihuana, the

remainder being tobacco. The defendant explained his possession by stating:

"* * * I put those [cigarette butts] there and forgot about them because I've sworn off dope since the first of the term. I got that weed * * * during the past summer, but I do not remember when. I bought a lid and payed [sic] 10-12 dollars for it. But what was found in my room was all that was left of it."

■ Defendant argues that these cigarette butts did not constitute a "usable" quantity and that Oregon, which has not yet decided this question, *State v. Burgess,* 5 Or App 164, 483 P2d 101 (1971); *State v. O'Brien,* 6 Or App 34, 485 P2d 434, 486 P2d 592 (1971), *aff'd* 262 Or 30, 496 P2d 191 (1972), should follow those jurisdictions which indicate that in order to be guilty of possession of narcotic drugs one must be in possession of a "usable" quantity. *See,* Annotation, 91 ALR2d 810, 829-30 (1963). There was evidence in the case at bar that the marihuana found in the defendant's possession was sufficient in itself for use in a small cigarette or in a pipe. Regardless of whether or not this court ultimately construes ORS 474.020 to proscribe only possession of "usable quantities" the defendant in this case possessed such a quantity.[1]

■ The defendant argues that the holding of *State of Oregon v. Pirkey,* 203 Or 697, 281 P2d 698 (1955), tells us that both ORS 474.020 and 475.625(1) are unconstitutional because taken together they grant the

---

[1] We note that defendant had possessed the marihuana cigarettes in their original unsmoked form a few months before the date upon which the cigarette butts were found in his possession. As a general rule the time of commission of a crime is immaterial so long as it occurred within the statute of limitations. State v. Kibler, 1 Or App 208, 461 P2d 72 (1969).

district attorney or grand jury arbitrary power to charge a person in the position of the defendant with either the felony of "possession" or the misdemeanor of "using or being under the influence" of narcotics. We have disposed of this issue adversely to defendant's position in *State v. Dumont*, 3 Or App 189, 471 P2d 847 (1970), where we said:

"* * * *Pirkey* held former ORS 165.225 unconstitutional because it gave to a grand jury or a magistrate the arbitrary power to determine whether or not the issuer of an NSF check should be prosecuted for a misdemeanor or a felony. Since *Pirkey* was decided it has been contended in numerous cases that the reasoning of that opinion must be applied to other cases in which a given act is punishable under more than one statute.

"This contention has invariably been rejected. The Oregon Supreme Court has consistently held that as long as any reasonable basis exists for distinguishing between two criminal statutes, there can be no constitutional objection to the fact that a particular defendant's unlawful acts constitute a violation of both statutes, and therefore subject him to prosecution under either statute. The mere fact that a person's criminal activity violates two statutes, one defining a felony and the other a misdemeanor, does not confer upon him a constitutional right to be prosecuted for the misdemeanor. [See cases cited in n 1.]" 3 Or App at 192-93.

■ Defendant's contention that he was entitled to a preliminary hearing even though he had been indicted by a grand jury has also been previously decided adversely to his position. *State v. Sanford*, 245 Or 397, 405, 421 P2d 988 (1966); *State v. Walley*, 1 Or App 189, 460 P2d 370 (1969).

Affirmed.