Argued April 25, affirmed May 16, reconsideration denied June 29, petition for review denied September 20, 1977

STATE OF OREGON, *Respondent,*
*v.*
DAVID RAY FORRESTER, whose true name is
David Roy Forrester, *Appellant.*
(No. 76-5138, CA 7357)

564 P2d 289

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals from his conviction of criminal activity in drugs, ORS 167.207(1). Both the state and defendant stipulated that defendant possessed 5 milligrams of heroin, and that such an amount was sufficient to allow the identification of the drug, but insufficient to result in any discernible effect upon introduction into the body of a user. The sole question on appeal is whether ORS 167.207(1) applies to possession of a quantity of a narcotic drug which is "identifiable" but not "useable" in that it is not a quantity sufficient to produce a discernible effect.[1]

ORS 167.207(1) provides:

"A person commits the offense of criminal activity in drugs if he knowingly and unlawfully manufactures, cultivates, transports, possesses, furnishes, prescribes, administers, dispenses or compounds a narcotic or dangerous drug."

ORS 167.207(1) was enacted in 1971 as part of the revision of the criminal code. The Criminal Law Revision Commission, or at least a subcommittee of it, spent a good deal of time discussing whether or not it should recommend the adoption of the identifiable- or useable-quantity standard, and concluded only to take no position and "to allow the courts to construe the matter."

Defendant contends that ORS 167.207(1) is ambiguous as to whether it applies to possession of quantities of narcotic drugs which are insufficient to produce any effect—and urges us to follow the lead of courts in some other jurisdictions in construing laws which make criminal the possession of "a" or "any" narcotic drug, and apply a useable-quantity standard to ORS 167.207(1). *See State v. Moreno,* 92 Ariz 116,

---

[1] This question has not yet been resolved in Oregon. *See State v. Phelps,* 8 Or App 198, 493 P2d 1059 (1972); *State v. Goetz,* 7 Or App 515, 491 P2d 220, Sup Ct *review denied, cert denied* 408 US 929 (1972); *State v. O'Brien,* 6 Or App 34, 485 P2d 434, 486 P2d 592 (1971), *aff'd* 262 Or 30, 496 P2d 191 (1972); *State v. Burgess,* 5 Or App 164, 483 P2d 101 (1971).

374 P2d 872 (1962); *People v. Leal,* 64 Cal2d 504, 50 Cal Rptr 777, 413 P2d 665 (1966); *Edelin v. United States,* 227 A2d 395 (DC 1967); *Watson v. State,* 88 Nev 196, 495 P2d 365 (1972); *Pelham v. State,* 164 Tex Crim 226, 298 SW2d 171 (1957); *cf. People v. Pippen,* 16 App Div 635, 227 NYS2d 164 (1962). Two rationales have been advanced for the application of the useable-quantity standard. The first is that the useable-quantity standard must be applied if the scienter element of the crime of possession is to be met. *People v. Aguilar,* 223 Cal App2d 119, 35 Cal Rptr 516 (1963). As stated in *Watson v. State, supra,* 88 Nev at 198:

"* * * The intent necessary to establish the crime of possession simply does not exist when the amount is so minute as to be incapable of being applied to any use, even though chemical analysis may identify a trace of narcotics."

The second rationale is that since laws regulating possession of narcotic drugs are designed to curb the perceived societal ill of drug use, the possession of amounts of narcotic drugs in quantities incapable of producing the effect which the laws are designed to prevent should not fall within the scope of such laws. *See People v. Leal, supra; Greer v. State,* 163 Tex Crim 377, 292 SW2d 122 (1956).

The state, on the other hand, urges us to follow the lead of those courts which hold that statutes similar to ORS 167.207(1) encompass possession of any identifiable quantity of an illegal narcotic drug. *See Schenher v. State,* 38 Ala App 573, 90 So2d 234 (1956); *Judd v. State,* 482 P2d 273 (Alas 1971); *Duran v. People,* 145 Colo 563, 360 P2d 132 (1961); *State v. Eckroth,* 238 So2d 75 (Fla 1970); *Peachie v. State,* 203 Md 239, 100 A2d 1 (Ct App 1953); *People v. Harrington,* 396 Mich 33, 238 NW2d 20 (1976); *State v. Young,* 427 SW2d 510 (Mo 1968); *State v. McDonald,* 92 NJ Super 448, 224 A2d 18 (1966); *State v. Winters,* 16 Utah2d 139, 396 P2d 872 (1964); *State v. Larkins,* 79 Wash2d 392, 486 P2d 95 (1971); *State v. Dodd,* 28 Wis2d 643, 137 NW2d 465 (1965). The rationale for these decisions is that

statutes regulating possession of narcotic drugs are designed to prohibit any illegal possession of such drugs, and that in the absence of specific provision by the statute, a useable-quantity standard should not be implied. *State v. Larkins, supra.* Or, as stated more dramatically in *State v. Dodd, supra,* 28 Wis2d at 651:

> "* * * Narcotics are contraband and dangerous, causing untold harm to users and to the public by illegal use. A more liberal interpretation favorable to drug addicts * * * cannot reasonably be given * * *."

■■ We do not read the statute as giving us the choice among conflicting policy considerations, for if ambiguity exists in ORS 167.207(1), we are unable to perceive it. ORS 167.207(1) prohibits the illegal possession of "a narcotic drug." The word "a" does not refer to a particular quantity of a narcotic drug—rather, it refers to the type of drug which falls within the scope of ORS 167.207(1). The gravamen of the offense created by ORS 167.207(1) is the knowing and unlawful possession of a narcotic drug. The statute neither specifies nor implies that a defendant must possess a minimum quantity of a narcotic drug. Thus, the state must prove only the knowing, unlawful possession of a narcotic drug—the quantity of the drug possessed is relevant only insofar as it establishes or disproves any of these elements.

■■ That some of the drafters of ORS 167.207(1) believed the law was ambiguous as to whether it applied to possession of quantities of narcotic drugs not sufficient to yield an effect does not bind us—in fact does not permit us—to adopt a similar view.[2] As was stated in *Monaco v. U.S. Fidelity & Guaranty Co.,* 275 Or 183, 188, 550 P2d 422 (1976):

> "Whatever the legislative history of an act may indicate, it is for the legislature to translate its intent into operational language. This court cannot correct clear and unambiguous language for the legislature so

---

[2] No comment as to the scope of ORS 167.207(1) was made during the hearings held on the law in the legislature.

as to better serve what the court feels was, or should have been, the legislature's intent * * *."

*See also Blalock v. City of Portland,* 206 Or 74, 291 P2d 218 (1955); *State v. Young,* 74 Or 399, 145 P 647 (1915).

Affirmed.