## STATE OF OREGON, *Respondent,*
## *v.*
## JULEE PIERRE aka MOORE, *Appellant.*
### (No. 75-246C, CA 7742)

566 P2d 534

Kenneth A. Morrow, Eugene, argued the cause for appellant. With him on the brief was Morrow & McCrea, P.C., Eugene.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals from her conviction of the sale of an unregistered security, ORS 59.055, and contends that the sentence imposed by the court—a suspended five-year prison term and a fine of $5,000—exceeded the maximum permissible by statute. Defendant contends that as a conviction under ORS 59.055 does not require proof of a culpable mental state, under ORS 161.105(2), she may be sentenced only for a violation which is punishable by a maximum fine of $250. ORS 161.635(3).

As part of its revision of the criminal code in 1971, the legislature enacted ORS 161.095(2), which provides:

"Except as provided in ORS 161.105, a person is not guilty of an offense unless he acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."[1]

ORS 161.105, also enacted in 1971, provides:

"(1) Notwithstanding ORS 161.095, a culpable mental state is not required if:

"(a) The offense constitutes a violation, unless a culpable mental state is expressly included in the definition of the offense; or

"(b) An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof.

"(2) Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation.

"* * * * *"

---

[1] ORS 161.505 defines an "offense" as a crime, violation, or traffic infraction; ORS 161.515 defines a crime as a felony or a misdemeanor.

The statute defendant was convicted of violating, ORS 59.055, provides:

"It is unlawful for any person to offer or sell any security in this state, unless:

"(1) The security is registered and the offer or sale is not in violation of any rule or order of the commissioner or any condition, limitation or restriction imposed by him upon such registration; or

"(2) The security is exempt under ORS 59.025 or the sale is exempt under ORS 59.035."

Violation of ORS 59.055 is punishable by imprisonment of up to five years and a fine of up to $10,000. ORS 59.991. The Supreme Court has long held that the state need not prove a culpable mental state in order to gain a conviction under either ORS 59.055 or its predecessors. *Marshall v. Harris,* 276 Or 447, 555 P2d 756 (1976); *Gonia v. E. I. Hagen Co.,* 251 Or 1, 443 P2d 634 (1968); *Moe v. Coe,* 124 Or 436, 263 P 925 (1928); *State v. Whiteaker et al,* 118 Or 656, 247 P 1077 (1926).

The pattern of the provisions of ORS 161.105 support defendant's contention that she may be sentenced only for a violation. ORS 161.105(1)(a) provides that a culpable mental state is not required for a violation, and ORS 161.105(1)(b) allows the legislature to dispense with the requirement of a culpable mental state for offenses other than violations if it so clearly indicates. ORS 161.105(2) completes the sequence of the statutes by providing that any offense which requires no culpable mental state—presumably except those included in ORS 161.105(1)(b)—constitutes a violation.

The state rejoins first that ORS 161.105(2) was intended to apply only to such laws as might be passed after January 1, 1972, and that the statute has no applicability to laws such as ORS 59.055 which were in existence in 1971. The state's argument finds some support in the Criminal Law Revision Commission's commentary to ORS 161.105(2):

"Subsection (2) applies the minimal culpability requirements to statutes outside the criminal code that

may be enacted after its effective date. However, the Legislature will have flexibility to specifically provide otherwise, but in the absence of a statute that provides to the contrary, an offense that requires no culpable mental state will constitute a violation." Oregon Criminal Code of 1971 (1975 ed) 9, Commentary.

However, even if we were to construe this commentary as indicating an intent that ORS 161.105(2) should apply *only* to statutes which might be enacted after January 1972, as was noted in *Monaco v. U.S. Fidelity & Guar.,* 275 Or 183, 188, 550 P2d 422 (1976):

"Whatever the legislative history of an act may indicate, it is for the legislature to translate its intent into operational language. This court cannot correct clear and unambiguous language for the legislature so as to better serve what the court feels was, or should have been, the legislature's intent * * *."

*See also Blalock v. City of Portland et al,* 206 Or 74, 291 P2d 218 (1955); *State v. Forrester,* 29 Or App 409, 564 P2d 289 (1977). Here ORS 161.105(2) specifically states that *"Notwithstanding any other existing law * * ** an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state *constitutes* a violation." (Emphasis supplied.) ORS 161.105(2) does not state or imply that its applicability is limited to statutes enacted after January 1, 1972.[2] Further, the commentary of the Criminal Law Revision Commission indicates an intent to adopt simplified and consistent rules as to the requirements for a culpable mental state. *See* Commentary, *supra* at 9. The construction of ORS 161.105(2) urged by the state—a construction which would require the application of different rules of law depending upon the dates particular penal statutes were enacted—obviously would not promote consistency.

---

[2] We do not construe the portion of ORS 161.105(2) which states that the legislature may, after January 1, 1972, specifically enact a penal statute not requiring a culpable mental state to mean that the general provisions of ORS 161.105(2) were intended to apply only to statutes enacted after January 1, 1972.

[ 85 ]

The state next contends that by reenacting ORS ch 59 in 1967 and leaving intact the provisions of ORS 59.055, the legislature by implication must have recognized the court's holdings in *Moe v. Coe, supra,* and *State v. Whiteaker et al, supra,* to the effect that a culpable mental state was not an element of the offense of the sale of an unregistered security and must have intended to omit from ORS 59.055 any requirement of a culpable mental state. Thus, the state argues, ORS 59.055 falls within the ambit of ORS 161.105(1)(b) which allows the legislature, if it so "clearly indicates," to dispense with the requirement of a culpable mental state for offenses outside the criminal code. The revision of ORS ch 59 through House Bill 1299 in 1967 (Oregon Laws 1967, ch 537, § 2, p 1279) was designed to clarify and modernize the existing laws regulating the sale and exchange of securities. HB 1299 had the support of various groups engaged in the securities business, and passed both the House and Senate with little discussion and no opposition. The section of HB 1299 which became ORS 59.055 was never discussed in either the Senate or the House. We find nothing either in the wording of ORS 59.055 or in the legislative history of the statute, "clearly indicat[ing]" that the legislature directly considered the issue of a culpable mental state, or that it intended to dispense with the requirement of a culpable mental state.

Remanded for resentencing.