Argued December 15, 1977, affirmed February 7, reconsideration denied
March 15, petition for review denied June 13, 1978

## STATE OF OREGON, *Appellant,*
## *v.*
## THOMAS W. PAYZANT, *Respondent.*
### (No. 77-3578, CA 8803)
574 P2d 677

**Indictment and information—Grand jury had no authority to return indictment**

Grand jury is authorized to inquire only into crimes and not into violations; since charge of failing to report child abuse alleged a violation and not a crime, grand jury had no authority to return an indictment thereon. ORS 132.310, 161.505, 161.515, 161.565, 418.750, 418.990.

———————

CJS, Indictment and Information § 9.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Stuart M. Brown, Eugene, argued the cause for respondent. With him on the brief were Bruce E. Smith, and Young, Horn, Cass & Scott, Eugene.

Before Schwab, Chief Judge, and Thornton and Joseph, Judges.

SCHWAB, C. J.

[ 371 ]

**SCHWAB, C. J.**

Defendant was indicted by the Lane County grand jury on two counts of failing to report child abuse as provided for by ORS 418.750.[1] He moved to quash the indictment on the ground that the offense charged was a violation, not a crime, and therefore the grand jury had no authority to return an indictment thereon. The circuit court granted the motion. The state appeals from an order granting the motion. We affirm.

A person who violates ORS 418.750, by the explicit terms of ORS 418.990(6), "commits a violation punishable by a fine of $250." ORS 161.505 provides:

> "An offense is conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state. An offense is either a crime *or a* violation or a traffic infraction." (Emphasis supplied.)

In its original form as enacted in Oregon Laws 1971, ch 743, § 65, p 1895, the second sentence of ORS 161.505 read: "An offense is either a crime or a violation." By Oregon Laws 1975, ch 451, § 173, p 832, the phrase "or a traffic infraction" was added.

ORS 161.515 defines a crime as:

> "(1) A crime is an offense for which a sentence of imprisonment is authorized.
> "(2) A crime is either a felony or a misdemeanor."

ORS 161.565 defines a violation as:

> "An offense is a violation if it is so designated in the statute defining the offense or if the offense is punishable only by a fine, forfeiture, fine and forfeiture or

---

[1] ORS 418.750 provides:

"Any public or private official having reasonable cause to believe that any child with whom he comes in contact in his official capacity has suffered abuse, or that any adult with whom he comes in contact in his official capacity has abused a child shall report or cause a report to be made in the manner required in ORS 418.755. Nothing contained in ORS 44.040 shall affect the duty to report imposed by this section, except that a psychiatrist, psychologist, clergyman or attorney shall not be required to report information communicated to him by an adult if the communication is privileged under ORS 44.040."

other civil penalty. Conviction of a violation does not give rise to any disability or legal disadvantage based on conviction of a crime."

ORS 132.310 restricts grand jury indictments to crimes. It provides:

"The grand jury shall retire into a private room and may inquire into *crimes* committed or triable in the county and present them to the court, either by presentment or indictment, as provided in ORS 132.310 to 132.390." (Emphasis supplied.)

This statute was amended by Oregon Laws 1973, ch 836, § 45, p 2717. Both before and after that amendment, ORS 132.310 referred to grand juries as authorized to inquire only "into crimes." At the time ORS 132.310 was first enacted, "violations" were not explicitly recognized in Oregon law as they are now by ORS 161.505, and it may be that the word "crimes" was then intended to include all offenses against the state. However, it is significant that when the legislature amended ORS 132.310 in 1973, two years after introducing "violations" into Oregon law, it did not amend the phrase "into crimes." *Civil Rights Div. v. Williams,* 280 Or 595, 573 P2d 270 (1977).[2]

Affirmed.

**THORNTON, J.,** dissenting.

The issue presented here is this:

Does the grand jury have authority to investigate and indict for lesser categories of public offenses, such as a "violation," or is it limited to felonies and misdemeanors? The majority would apply the definition of a "crime" in ORS 161.515[1] to the phrase "crimes

---

[2] At least 10 statutes in ORS ch 132 governing grand juries speak only of "crimes," and none speak of "violations."

[1] ORS 161.515 provides:

"(1) A crime is an offense for which a sentence of imprisonment is authorized.

"(2) A crime is either a felony or a misdemeanor."

committed or triable in the county" as used in ORS 132.310 et seq, thus precluding the grand jury from indicting for a "violation."

While I recognize that a strong argument can be made for the majority's conclusion, I am more persuaded by the opposite view, namely, that the grand jury may indict for any public offense enumerated in ORS 161.505, including a "violation."

Defendant in this case is charged with a violation of ORS 418.750. ORS 418.990 states that a person who violates ORS 418.750 "commits a violation punishable by a fine of $250."

In order to find out what a violation is, we must refer to the definitions set out in the new Criminal Code.

ORS 161.505 provides as follows:

"An offense is conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state. An offense is either a crime or a *violation* or a traffic infraction." (Emphasis supplied.)

ORS 161.565 provides:

"An offense is a violation if it is so designated in the statute defining the offense or if the offense is punishable only by a fine, forfeiture, fine and forfeiture or other civil penalty. Conviction of a violation does not give rise to any disability or legal disadvantage based on conviction of a crime."

In my view the phrase "crimes committed or triable in the county" must logically be interpreted to mean "crimes" as that term was used and understood at the time ORS 132.310 was first enacted. We are dealing with a statute that goes back in virtually its present form to the founding of this state. The legislature has never seen fit to change the phrase "crimes committed or triable in the county" in what is now ORS 132.310.[2]

---

[2] General Laws of Oregon, ch 6, § 43, p 449 (Deady 1845-1864), provided that the grand jury had the power and duty to inquire into all crimes

Accordingly, I believe that term should be given the same meaning that it had when these provisions were first enacted, viz., any "public offense."

The majority opinion recognizes the historical argument when it states:

"* * * At the time ORS 132.310 was first enacted, 'violations' were not explicitly recognized in Oregon law as they are now by ORS 161.505, and it may be that the word 'crimes' was then intended to include all offenses against the state. However, it is significant that when the legislature amended ORS 132.310 in 1973, two years after introducing 'violations' into Oregon law, it did not amend the phrase 'into crimes.' *Civil Rights Div. v. Williams,* 280 Or 595, 573 P2d 270 (1977)."

I do not believe that *Civil Rights Div. v. Williams, supra,* is authority for the proposition for which it is cited by the majority. The rule of statutory construction invoked in *Williams* was that which is sometimes relied upon by the courts where the legislature has tacitly acquiesced in a prior judicial interpretation of a particular statute. *See, for example, Drake Lumber Co. v. Paget Mortgage Co.,* 203 Or 66, 274 P2d 804 (1954). This is not the case here. It seems to me that the rule of construction sought to be invoked by the majority here might be termed the rule of "legislative inaction." This rule has not always been held in high regard by either this court or the Supreme Court. As our Supreme Court said in *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966):

"* * * Legislative inaction is a weak reed upon which to lean in determining legislative intent." 245 Or at 311.

We quoted the above adverse comment with approval in rejecting a similar argument in *Banif Corporation v. Black,* 12 Or App 385, 507 P2d 49 (1973).

committed or triable in the county and indict. A crime or *public offense* was defined as an act or omission forbidden by law and punishable by death, imprisonment, fine, removal from office, or disqualification to hold any office. General Laws of Oregon, ch 1, § 1, p 441 (Deady 1845-1864).

The judicial precedents in this area are few. In *State v. Johnson,* 1 Or App 363, 371, 462 P2d 687 (1969), we held that the late filing of a financial expenditure report required under the Corrupt Practices Act was civil in character and therefore not a crime. I note, however, that the defendant was indicted by the Marion County Grand Jury and the case was tried in circuit court. The opinion does not discuss this aspect of the case.

In *State v. Backus,* 18 Or App 513, 525 P2d 1058, *rev den* (1974), defendant was indicted under ORS 167.207(3) for possessing less than an ounce of marihuana. This court rejected without elaboration a contention that the grand jury could not indict for the "violation" of possessing less than one ounce of marihuana in violation of ORS 167.207(3). Here, as in the previous case, the defendant was tried and convicted in circuit court.

In *State v. Pierre,* 30 Or App 81, 566 P2d 534 (1977), and *State v. Post,* 30 Or App 169, 566 P2d 209, *rev den* (1977), indictments charging each defendant with the sale of an unregistered security in violation of ORS 59.055 were held to state only a "violation." Neither opinion, however, suggests that the indictment was jurisdictionally defective.

Thus, this court on at least two previous occasions has considered indictments for offenses other than felonies or misdemeanors without finding those indictments jurisdictionally defective, or that the circuit court was without jurisdiction.

Summarizing, the offense charged here is a "violation"; a "violation" is an offense as defined in ORS 161.505 and 161.565 and would constitute a "crime" as that offense was known at the time of the enactment of the ancestor grand jury statutes. Accordingly I would hold that the grand jury may indict for any and all public offenses listed in ORS 161.505, and that in the instant case was entitled to investigate these facts and return the instant indictment.

The grand jury historically has exercised broad powers to investigate and indict for all types of public offenses. *State v. Backus* and *State v. Johnson,* both *supra. See also, State v. Oregon City Elks,* 17 Or App 124, 520 P2d 900, *rev den* (1974); Hogan, *Joseph Story on Juries,* 37 Or L Rev 234, 237 (1958). I would not favor curtailing these powers in the absence of a clear expression of legislative intent to change the law.

Therefore I respectfully dissent.