STATE OF OREGON, *Respondent,*
*v.*
ROCKY RIO ORTH, *Appellant.*
(No. M-7-237, CA 9592)
581 P2d 953

Dwight L. Ferris, Assistant Public Defender, Roseburg, argued the cause and filed the brief for appellant.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

■■ Defendant pled guilty to a charge of negligently wounding another. ORS 166.180.[1] The district court sentenced defendant to pay a fine of $105 and imposed a 30-day suspended jail sentence and one-year probation. Defendant seeks remand for resentencing claiming that, since no culpable mental state is specified by the statute creating the offense of negligently wounding another, the offense must be a violation under ORS 161.105(2), which provides:

> "(2) Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation."

Defendant relies upon *State v. Pierre,* 30 Or App 81, 566 P2d 534 (1977), where we held that a person who was convicted under ORS 59.055[2] could only be sentenced for a violation under ORS 161.635(3),[3] because

---

[1] ORS 166.180 provides:

"Any person who, as a result of his failure to use ordinary care under the circumstances, wounds any other person with a bullet or shot from any firearm, or with an arrow from any bow, shall be punished by imprisonment in the county jail for a period not to exceed six months, or by a fine not to exceed $500, or both. In addition, any person so convicted shall forfeit any license to hunt, obtained under the laws of this state, and shall be ineligible to obtain a license to hunt for a period of 10 years following the date of his conviction."

The source note to ORS 166.180 states:

"166.180 to 166.340 were enacted into law by the Legislative Assembly but were not added to or made a part of the Oregon Criminal Code of 1971 by legislative action. See the Preface to Oregon Revised Statutes for further explanation."

[2] ORS 59.055 provides:

"It is unlawful for any person to offer or sell any security in this state, unless:

"(1) The security is registered and the offer or sale is not in violation of any rule or order of the commissioner or any condition, limitation or restriction imposed by him upon such registration; or

"(2) The security is exempt under ORS 59.025 or the sale is exempt under ORS 59.035."

[3] ORS 161.635(3) provides:

"(3) A sentence to pay a fine for a violation shall be a sentence to pay an amount, fixed by the court, not exceeding $250."

[ 237 ]

no culpable mental state was provided for by the statute.

In the present case, however, the legislature, by using the words "failure to use ordinary care under the circumstances," clearly intended a culpable mental state.[4] ORS 161.105 does not apply.

Affirmed.

---

[4] "Culpable mental state," as defined by ORS 161.085(6), is applicable only to crimes defined inside the Oregon Criminal Code. ORS 166.180 is outside the Criminal Code. (See Footnote 1.)