Argued and submitted May 30, affirmed July 28,
reconsideration denied September 11,
petition for review allowed October 14, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# ANDREW CLARK,
*Appellant.*

(No. 35188, CA 15862)

615 P2d 1043

Robert J. McCrea, Eugene, argued the cause for appellant. With him on the brief was Morrow, McCrea & Divita, P.C., Eugene.

John C. Bradley, Assistant Attorney General,

[389]

Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals a judgment of conviction for theft in the second degree. He contends that the court erred in denying two pretrial motions for dismissal of the indictment. The basis of the first motion was that defendant was denied the opportunity, accorded to the state, to grant immunity from prosecution to prospective witnesses and that he was not offered immunity the same as other potential codefendants. He argues that his right to due process of law and equal protection of the laws under the Fourteenth Amendment were therefore violated.

In *State v. Grabill,* 34 Or App 639, 579 P2d 316, *rev den* 284 Or 521 (1978), we held that the defendant's constitutional rights were not violated when he was not accorded the right to grant immunity to a witness. The same rationale would apply in the situation where the state declines to offer immunity to an accused. If the state determines it will not offer immunity to a particular person, the defendant has no right, based on statute or constitutional provisions, to insist on a grant of immunity.

Defendant makes an additional argument. He contends that the prosecutor's decision to grant immunity is not bound by any criteria and is not subject to judicial scrutiny. Thus, he contends, immunity is granted or withheld at the whim of the state, and similarly situated individuals are treated differently based on this whim.

The decision to prosecute or to grant immunity is within the discretion of the prosecutor. The district attorney, as the prosecutor, answers to the electorate for the conduct of his office, including the exercise of discretion to prosecute.

In an analogous situation, in *State ex rel Anderson v. Haas,* 43 Or App 169, 602 P2d 346 (1979), *rev den* 288 Or 493 (1980), we held that when the diversion statute, ORS 135.881 *et seq.,* gave the prose-

cutor discretion in proposing a diversion plan for a defendant, a particular defendant could not insist on statutory or constitutional grounds that diversion be offered to him. The exercise of that discretion is not subject to judicial supervision.

During the course of the hearing on defendant's motion to dismiss, he presented evidence that seven indictments had been returned charging him with various crimes, including the charge here under review. The evidence showed that a number of persons were involved in the criminal activities for which defendant was indicted. Several of those individuals pleaded guilty to one or two charges and were granted immunity from further prosecution in exchange for their testimony against defendant before the grand jury and at his several trials. The prosecutor in charge of the cases testified that he treated defendant differently because the investigation showed that defendant was the instigator of many of the crimes and had demonstrated that he was a greater threat to society than the other individuals.

Even if there is a constitutional basis for challenging the exercise of prosecutorial discretion to grant immunity, the evidence discloses a rational basis for treating defendant differently than the other individuals involved in the criminal activities with defendant. The first motion to dismiss was properly rejected.

■ In the second motion to dismiss, defendant alleged his constitutional rights to equal protection of the law and due process were violated because he was not given a post-indictment preliminary hearing. This contention has, on a number of occasions, been decided contrary to the position of defendant. *State v. Phelps,* 8 Or App 198, 493 P2d 1059 (1972); *State v. Sanford,* 245 Or 397, 421 P2d 988 (1966); *State v. Walley,* 1 Or App 189, 460 P2d 370 (1969).

Affirmed.