Argued and submitted October 5, affirmed November 4, 1992

STATE OF OREGON,
*Respondent,*

*v.*

WILLIAM JAMES HENRY,
*Appellant.*

(91CR1732FE; CA A74189)

840 P2d 1335

Verden L. Hockett, Jr., Roseburg, argued the cause and filed the brief for appellant.

Paul Migchelbrink, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals his conviction for possession of a controlled substance, ORS 475.992(4)(b), assigning error to the court's denial of his motion for judgment of acquittal. We affirm.

At trial, the state proved that defendant possessed a small quantity, less than 10 milligrams, of methamphetamine. Defendant argues that the court erred in denying his motion for judgment of acquittal, because the state failed to prove that the quantity of methamphetamine that he possessed would have had a stimulant effect on a person's central nervous system. He contends that that is an element of the crime of possession of a controlled substance, on the basis of his interpretation of OAR 855-80-022, which provides, in part:

> "Schedule II consists of the drugs and other substances by whatever official, common, usual, chemical or brand name designated, listed in this rule:
>
> "* * * * *
>
> "(3) *Stimulants.* Unless specifically excepted or listed in another schedule, any material, compound, mixture, or preparation which contains any quantity of the following substances having a stimulant effect on the central nervous system:
>
> "* * * * *
>
> "(b) Methamphetamine, its salts, isomers, and salts of its isomers."

ORS 475.992(4) provides:

> "It is unlawful for any person knowingly or intentionally to possess a controlled substance * * *. Any person who violates this subsection with respect to:
>
> "* * * * *
>
> "(b) A controlled substance in Schedule II, is guilty of a Class C felony."

A controlled substance is any "drug or its immediate precursor classified in Schedules I through V under the Federal Controlled Substance Act * * *." ORS 475.005(6). The State Board of Pharmacy is authorized to change or add to that list. ORS 475.035. In *State v. Sargent,* 252 Or 579, 582, 449 P2d

845 (1969), the court explained the relationship between statutes that define offenses involving controlled substances and the administrative rules that specify what substances are controlled:

"The law proscribing transactions in dangerous drugs has been determined by the legislature, and the only function left to the administrative body is that of *enumerating the specific chemicals that fall within the statutory ban.*" (Emphasis supplied.)

In OAR 855-80-022, the Board enumerated methamphetamine as one of the controlled substances in Schedule II. If it did anything more than that, that is irrelevant to defendant's assertion, because determining what chemicals should be listed is all that the board is authorized to do. Consequently, OAR 855-80-022 does not establish a new element of the crime of possession of a controlled substance. Because defendant committed that crime if he knowingly possessed even a trace of methamphetamine, *see State v. Forrester*, 29 Or App 409, 413, 564 P2d 289, *rev den* (1977), the court did not err in denying his motion for judgment of acquittal.

Affirmed.